Leo C. COCKRELL, and Carol P. Cockrell, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 17195.

United States Court of Appeals Eighth Circuit.

Aug. 19, 1963.

Ellsworth W. Ginsberg, St. Louis, Mo., for petitioners.

Stephen B. Wolfberg, Atty., Dept. of Justice, Washington, D. C., for respondent and Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before VOGEL, VAN OOSTERHOUT and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

The question involved in this appeal is concerned with deductions claimed by Leo C. Cockrell (hereinafter called petition-

er) as "traveling expense * * * while 'away from home'" under Section 162(a)(2), I.R.C.1954 (26 U.S.C.A. § 162(a)(2)). The facts relating to that question are not in dispute—they are set forth at length in the Tax Court's opinion reported at 38 T.C. 470. Consequently we only state background facts sufficient to pinpoint the issue.

Petitioner is employed by McDonnell Aircraft Corporation (hereinafter referred to as McDonnell) as a data engineer in its engineering and test division and has been so employed from 1954 until the present time. McDonnell is engaged in the research, development, and production of airplanes, missiles and spacecraft. Over ninety-nine per cent of its business is from defense work under Government contracts. Through its engineering division it conducts research, designs, and produces prototype of craft and missiles at its plant in St. Louis. The engineering division is required to then test these articles at various Air Force bases, such as Holloman Air Force Base, Alamogordo, New Mexico.

In 1955 and 1956, McDonnell entered into separate contracts with the United States Air Force to conduct research and develop a missile known as the GAM–72 and to participate in the research and development of an airplane known as the F–101. Both contracts called for the testing of those aircraft to be conducted at Holloman; and provided among other things that the Government would reimburse McDonnell for cost of travel and per diem living expenses incurred by its employees in their relocation at Alamogordo, New Mexico. During the years 1956 through 1960, McDonnell scheduled and carried out experimental tests on both such projects at Holloman. At one time it had over three hundred of its employees working at Holloman.

By means of formulated "Travel and Relocation Authority" executed pursuant to its contract with the Government, McDonnell, on May 25, 1956, assigned petitioner to duty at Holloman, as data engineer in charge of the Delta Project testing. The provisions of such formulated authority are set forth in the opinion of the Tax Court. Suffice to say, during the calendar years here in question, while petitioner was assigned and relocated at Holloman, he received $10.00 per diem ($70.00 per week) as living expense for the entire time he lived at Alamogordo, without restriction being placed thereon by McDonnell as to use of the amount of such payments. Petitioner worked on the Delta Project at Holloman until July 1, 1957. He was then assigned to work on the GAM–72 Project which was beginning at Holloman at that time. The Delta Project test had not been completed when petitioner was assigned to the GAM–72 Project. He remained with the latter project until it was near completion in November 1960. Hence he worked continuously at Holloman, from May 31, 1956 through November 28, 1960, with the exception of a short period in December 1957, when he returned to McDonnell's plant in St. Louis for three days and thereafter took a week's vacation, not returning to Holloman until January 3 or 4, 1958.

When first assigned to Holloman, petitioner elected to take his wife and child with him. Consequently, he ceased to rent an apartment in St. Louis. He and his family drove to Holloman in his automobile, where they lived in motels for approximately two months in and around Alamogordo, New Mexico. McDonnell made a special allowance to petitioner for the two months he and his family lived in such motels. Subsequently, petitioner rented a 2-bedroom house in Alamogordo on a month-to-month basis where he and his family lived until July 1959. In 1958 a second child was born to petitioner and his wife. In July 1959 petitioner and his family rented and moved into a different house in Alamogordo which he also rented on a monthly basis. Petitioner and his family lived in that house through November 1960.

When petitioner first left St. Louis he knew he was being assigned to Holloman on the Delta Project and would also work on the F–101 tests before returning to McDonnell's plant in St. Louis. He then

knew that the testing time as to both such projects was "uncertain * * * because they were research development, and experimentation" and the length of time it would take to complete such testing was "indefinite".

In their 1957 income tax returns petitioner designated "Out-of-town Travel Expenses" amounting to $3,470.00 which was deducted as "Travel, reimbursed expenses, etc." with an attached explanation stating that "This amount was expended for transportation, meals, and lodging while traveling away from home in connection with my employer's business for the period 1–5–57 to 11–2–57." On their 1958 income tax return petitioner did not include any amount received from McDonnell as per diem allowance, but in answer to the question, "Did you receive an expense allowance or reimbursement, or charge expenses to your employer?" checked the box opposite "Yes".

■ Respondent in his notice of deficiency increased petitioner's income in each of the years 1957 and 1958 by the amount of $3,470.00, entiting it "Additional Compensation" * * * under Section 61(a) of the Internal Revenue Code of 1954; and stated "that this amount is not deductible as expenses of travel while away from home under Section 162(a) (2) of the Code, and that the expenditure of such amount represents non-deductible personal living expenses." The Tax Court sustained respondent's determination. It is from that decision that petitioner prosecutes this appeal.

Since respondent concedes that if the expenditures here considered were incurred by petitioner while he was "away from home" within the meaning of Section 162(a) (2) of the Internal Revenue Code of 1954, supra, they would be deductible as traveling expense, we are only concerned with a mixed question of law and fact as to whether the conclusion of the Tax Court * * * that the per diem expense here considered was "additional compensation" under Section 61(a) of the Code, and not deductible as "traveling expense" in a tax sense of be-

ing "away from home" under 162(a) (2), supra.

It is petitioner's contention that a determination of his right to a deduction as here claimed should be resolved by considering his assignment to Holloman Air Force Base to be for a "temporary" period within the context of his employment relationship with McDonnell; and not from the standpoint that when his assignment was made it effected a change in his tax home situs, as respondent and the Tax Court ruled. His argument is this: He is a career employee of McDonnell; his principal post of employment is at the only permanent plant owned by McDonnell, in St. Louis, Missouri; one of the requisites of his employment was his availability for travel when he was hired; his personal skills and experience were required at Holloman because of the exigencies of McDonnell's business; when he gave up his residence in St. Louis to go to Holloman, he says, his "home ties remained" in St. Louis and although he and his family lived continuously at Alamogordo, New Mexico, for approximately four and one-half years, he never did "abandon his intention of returning to (his) permanent home plant" job.

Petitioner cites no authority (case law, rule or regulation) applicable to the contention he here makes. Seemingly, the reason therefor is his contention that "the instant case is (factually) distinguished from all other (previously adjudicated) cases." From that and other statements made one may assume that petitioner wholly relies on the logic of argument to support the position he here assumes. Because in tax law "the logic of words (must) yield to the logic of realities" Di Santo v. Pennsylvania, 273 U.S. 34, 43, 47 S.Ct. 267, 270, 71 L.Ed. 524 (dis. op.), we do not follow petitioner in his argument. It is axiomatic that "Exceptions from taxation cannot rest upon mere implications" i. e. logic. Cf. United States v. Stewart, 311 U.S. 60, 71, 61 S.Ct. 102, 109, 85 L.Ed. 40 (1940). The income tax on personal income is of necessity "described in sweeping terms

and should be broadly construed in accordance with an obvious purpose to tax income comprehensively. The exemptions (therefrom) are specifically stated and should be construed with restraint in the light of the same policy." Commissioner of Internal Revenue v. Jacobson, 336 U.S. 28, 49, 69 S.Ct. 358, 369, 93 L.Ed. 477 (1948).

The issue in the case at bar turns upon a narrow question of fact and application of the three tests stated in Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1945). The exigencies of McDonnell's overall operation which petitioner argues necessitated his relocation at Holloman, standing alone, is of no significance to petitioner's right to claim personal "living expense" as a tax deduction in the sense of "traveling expense" while living at Almogordo, New Mexico, close to Holloman. Section 162(a) (2), supra, refers to "traveling expense" while "away from home." The word "home" as used in that section is to be given its ordinary meaning. In a tax sense it is referable to the place where one has his principal place of duty, and where he has an abode while pursuing such duty;— not where he merely claims his "residence" to be. (Wright v. Hartsell, 305 F.2d 221 (9 Cir. 1962), and cases therein cited.) Ney v. United States, 171 F.2d 449 (8 Cir. 1948), cert. den. 336 U.S. 967, 69 S.Ct. 940, 93 L.Ed. 1119; Bercaw v. Commissioner, 165 F.2d 521 (4 Cir. 1948); Barnhill v. Commissioner, 148 F.2d 913, 159 A.L.R. 1210 (4 Cir. 1945). "The job, not the taxpayer's pattern of living," is the crucial matter. Carragan v. Commissioner, 197 F.2d 246, 249 (2 Cir. 1952); O'Toole v. Commissioner, 243 F.2d 302, 303 (2 Cir. 1957).

We think the test is this: "Where it appears probable that a taxpayer's employment outside the area of his regular abode will be for a 'temporary' or 'short' period of time, then his travel expenses are held to be deductible; conversely, if the prospects are that his work will continue for an 'indefinite' or 'intermediate' or 'substantially long' period, then the deduction is disallowed." Wright v. Hartsell, supra, 305 F.2d l. c. 224. The fundamental question is whether one is in a traveling status as defined in Peurifoy v. Commissioner, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958), or whether the particular taxpayer has moved his home nearer to the place where he is working. Cf. Wright v. Hartsell, supra, 305 F.2d l. c. 224; Harvey v. Commissioner, 283 F.2d 491 (9 Cir. 1960); Green v. Commissioner, 298 F.2d 890 (6 Cir. 1962); Ford v. Commissioner, 227 F.2d 297 (4 Cir. 1955); Andrews v. Commissioner, 179 F.2d 502 (4 Cir. 1950); Ney v. United States, supra; York v. Commissioner, 82 U.S.App.D.C. 63, 160 F.2d 385 (D.C.Cir.1947). There is ample evidence in the record of this case to sustain the Tax Court's conclusion that the per diem allowance paid to petitioner was a "Living Allowance", therefore "additional compensation under Section 61(a) (2) of the Code," and not "Traveling Expense" within the ambit of Section 162(a) (2), supra.

There is no warrant in the Code for allowing a deduction for "Living Allowance" made to an employee when he is "relocated" at a place where the needs of his employer's business compel him to go in the prosecution of his job or occupation and he takes his family with him and abides with them at his relocated post for an "indefinite"—long period of time, as here. Reimbursement for increased cost of living under such circumstances is not a deductible item under Section 162(a) (2), supra. Cf. Courtney v. Commissioner, 32 T.C. 334. The petitioner here recognizes the distinction between "indefinite" and "temporary" employment as considered by the Supreme Court in Peurifoy v. Commissioner, supra. His contention that his "indeterminate" relocation at Holloman was temporary in relation to McDonnell's overall business operations is not within such concept.

The decision of the Tax Court is affirmed.