JUSTIN T. FONG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Fong v. Commissioner
Docket No. 3033-73.
United States Tax Court
T.C. Memo 1975-35; 1975 Tax Ct. Memo LEXIS 330; 34 T.C.M. (CCH) 230; T.C.M. (RIA) 750035; February 27, 1975, Filed Justin T. Fong, pro se. Raymond L. Collins, for the respondent. SCOTT MEMORANDUM OPINION @SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1970 in the amount of $2,723.73. The issue for decision is whether petitioner is entitled either to exclude from income or deduct as business expenses the amount of $5,574 which he paid for apartment rent, meals, commuting expenses, parking, and laundry expenses during the year 1970 while *331 living in Arlington, Texas. All of the facts have been stipulated and are found accordingly. Petitioner, an unmarried individual, was residing in Arlington, Texas at the time he filed his petition in this case. He filed an individual Federal income tax return for the calendar year 1970 with the district director of internal revenue, Dallas, Texas. Petitioner is an engineer. He graduated from Rensselaer Polytechnic Institute in New York in 1960. Since 1966 he has worked and he still is working as an engineer consultant. During the year 1966 he worked 5 months in Springfield, New Jersey and 4 months in Albany, New York. From September 1966 to June 1967 he worked in New York, New York, and from September 1967 until July 1968, he worked at Mountain View, California. On July 9, 1968, petitioner signed an employment contract with Pollak and Skan, Inc., of Chicago, Illinois. This contract was in the form of a letter to petitioner from Pollak and Skan, Inc., by its Personnel Manager. There was a statement in the letter that it would become, when signed by petitioner, an employment contract. Pollak and Skan, Inc., is a professional firm of consulting engineers. It performs services *332 for clients either within its own facilities in Chicago or by renting temporary technical personnel for work at a client's location. In the letter contract between Pollak and Skan, Inc., and petitioner, it was stated that petitioner was being assigned to a client of Pollak and Skan at Grand Prairie, Texas, and was to report for work on July 24, 1968. The contract also referred to the "Policies and Procedures Handbook" of Pollak and Skan, Inc., which petitioner was requested to read in order to familiarize himself with the practices, policies, and procedures of the firm. Pollak and Skan's offer of employment to petitioner, which he accepted by his notation of his agreement on the letter, was for a starting rate of $9 per hour and "subsistence of $1.40 per hour on the first 40 hours of straight time pay." It also provided for travel to his assignment and an amount to be paid for travel at the end of the assignment. In accordance with his agreement with Pollak and Skan, Inc., petitioner was assigned by that company to work for Vought Aeronautics Corp., LTV at its location in Grand Prairie, Texas, and also in accordance with that agreement Pollak and Skan paid petitioner's travel expenses *333 to the location of LTV Corp., Grand Prairie, Texas. Petitioner worked under his contract with Pollak and Skan at LTV, Vought Aeronautics at Grand Prairie, Texas for 42 months from July 1968 through January 1972. At the conclusion of his assignment petitioner was paid travel expenses from the location of LTV, Corp., in Grand Prairie, Texas. After concluding his assignment at Grand Prairie, Texas, petitioner from February 1972 to November 1972 worked for the M & T Co. at Lockheed Aircraft in Saugus, California. From November 1972 through March 1973 petitioner again worked for Pollak and Skan at LTV, Vought Aeronautics in Grand Prairie, Texas. From April 1973 through September 1973 petitioner worked for a consultant and designers firm of New York, New York at the plant of Recognition Equipment, Inc., in Dallas, Texas, and from October 1973 to the time of the trial of this case, he worked for the Digitest Corporation at Litton Industries in Woodland Hills, California. During the 3 years and 6 months that petitioner worked for LTV, Vought Aeronautics at Grand Prairie, Texas, he lived in Arlington, Texas. While working at LTV during the entire 3 years and 6 months, petitioner wore *334 a picture badge, designated as a "visitor's badge" since all individuals not hired directly by LTV wore visitor's badges regardless of the length of their employment at the LTV job site. The employees handbook, "Personnel Policies and Procedures" of Pollak and Skan, Inc., provides with respect to per diem, subsistence pay, and travel pay as follows: 7. Per Diem Subsistence Pay
Subsistence, where authorized by the Manager, REP, may be paid to personnel working on out-of-town assignments on per diem basis. Per diem subsistence, however, shall not be paid for any day on which the employee was scheduled to work and did not work. Per diem subsistence will not be paid for Saturday or Sunday upon which no work was performed if the employee did not work on the next scheduled work day following and on the preceding scheduled work day. Per diem subsistence will be disbursed on the regular payroll check for the week on which it was due. 8. Hourly Basis Subsistence Pay
Subsistence, where authorized by the Manager, REP, may be paid to personnel working on out-of-town assignments prorated on an hourly basis. Hourly subsistence is paid by the hour (i.e., $1.40 or $56.00 per week *335 subsistence) for the first 40 hours of straight time work. Hourly subsistence will not be paid for any overtime hours worked. Hourly basis subsistence is disbursed on the regular payroll check for the week on which it is due. During the year 1970, petitioner's automobile was registered and licensed in the State of Texas and he used a Texas driver's license. Petitioner was not registered to vote in any State during the year 1970. During the entire 3-1/2 years that petitioner lived in Arlington, Texas, he occupied a rented apartment. He has never owned a house in Texas or in any other State. During the year 1970 petitioner did not pay income taxes to any State. Texas does not have a State income tax. During the year 1966 petitioner paid New York and Massachusetts State income taxes, and during the years 1967, 1968, and 1972 petitioner paid California State income taxes. Petitioner has never filed an income tax return nor paid income taxes in any State other than that in which he was employed or had been employed during a part of the year. In 1970 petitioner's parents lived in Larchmont, New York. Petitioner paid his parents $50 to $75 per month. When petitioner filed his petition *336 with this Court on April 27, 1973, his parents lived in Gaithersburg, Maryland. Petitioner visited the home of his parents only during long holidays and in between jobs. Petitioner did not stay in the home of his parents more than a total of 2 weeks in either 1970 or 1971. Petitioner received from Pollak and Skan, Inc., in 1970, in addition to the amount stated to be his salary, the amount of $2,952 as per diem. Petitioner on his Federal income tax return for 1970 claimed a net employee's business expense deduction of $2,622, computed by subtracting from $5,574, which represented his total living expenses for the year in Arlington, Texas, the $2,952 he received as per diem and did not include in his reported income. Respondent in his notice of deficiency disallowed the $2,622 which petitioner claimed as deductible business expenses for his living expenses in Arlington, Texas stating that It is determined that the travel expenses claimed of $2,622.00 are not allowable because Grand Prairie is your tax home and you were not on temporary assignment. * * * Respondent also increased petitioner's income as reported by the amount of $2,952 with the statement It is determined that *337 the per diem received in the amount of $2,952.00 is includable in income because Grand Prairie is your tax home and you were not on temporary assignment. * * * Section 162, I.R.C. 1954, provides for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business including traveling expenses while away from home in the pursuit of a trade or business. It specifically states that travel expenses include amounts expended for meals and lodging. Section 262 of the Code provides that except as otherwise expressly provided no deduction shall be allowed for personal living or family expenses. Clearly, meals and lodging are ordinary personal expenses and therefore under the provisions of section 262 cannot be deducted unless they constitute traveling expenses "while away from home." It has been recognized that in addition to the requirement that traveling expenses be incurred while away from home in order to be deductible, they must also be reasonable and necessary expenses and must be incurred in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465 (1946). Petitioner in his petition *338 alleges error in respondent's determination on the grounds that he was employed on a temporary assignment in 1970 and that his tax home was at Larchmont, New York. Petitioner in his brief argues that his family's home is his home. He states that he maintained two residences. In support of this statement he does not contend that he in fact lived during the years here in issue or for a number of years prior thereto in his parents' home. In support of his position he points out that he is a naturalized citizen who was born and raised until the age of 16 in China, where the tradition and custom is that a child or an adult always regards his home as the place where his parents live. He contends that following this tradition is a necessary ingredient for petitioner to perform his daily work. As was pointed out in Emil J. Michaels,53 T.C. 269, 273 (1969), this Court has consistently held that a taxpayer's "home" for the purpose of determining whether he is "away from home" within the meaning of section 162 is his principal place of employment but has also consistently recognized an exception to this rule and held that a "taxpayer's principal place of work is not his 'home' *339 for the purpose of section 162(a)(2) when his employment there is only 'temporary,' as distinguished from 'indefinite' or 'indeterminate'." There is nothing in the stipulated facts in this case to even indicate that petitioner's assignment to Grand Prairie was "temporary" as distinguished from "indefinite" or "indeterminate." There is no indication that petitioner had any stated period that he was to be working in Grand Prairie. Whether a taxpayer's employment at a particular location is "temporary" rather than "indefinite" or "indeterminate" is a question of fact. Peurifoy v. Commissioner,358 U.S. 59 (1958). There are no facts in this record to indicate that petitioner's employment at Grand Prairie was temporary, but the record rather indicates that his employment there was indefinite or indeterminate. In Harvey v. Commissioner,283 F. 2d 491, 495 (C.A. 9, 1960), reversing 32 T.C. 1368 (1959), on which petitioner relies, the Ninth Circuit rejected the holding of this Court that the taxpayer's employment was indefinite because "it could not be foreseen that termination would occur within a fixed or reasonably short period, *340 " and concluded that "[an] employee might be said to change his tax home if there is a reasonable probability known to him that he may be employed for a long period of time at his new station." Even under the definition of the Ninth Circuit in Harvey v. Commissioner,supra, petitioner in the instant case has not shown his home to be at any place other than Grand Prairie. So far as this record shows, petitioner knew when he was assigned to work at Grand Prairie that there was a reasonable probability that he would be employed there "for a long period of time." In Steinhort v. Commissioner,335 F. 2d 496 (C.A. 5, 1964), affirming a Memorandum Opinion of this Court, there is some indication that the Court of Appeals for the Fifth Circuit to which an appeal in this case would lie, considers a taxpayer's "home" within the meaning of section 162(a)(2) to be the place he customarily resides but would not allow a deduction for travel expenses at another location if the reason for the taxpayer's keeping his home at a place other than his principal place of employment was personal rather than required in the pursuit of the taxpayer's trade *341 or business. Cf. United States v. Le Blanc,278 F. 2d 571 (C.A. 5, 1960). Under the view taken of "home" by the Fifth Circuit, petitioner in this case was not away from "home" in 1970 while living in Arlington, Texas. Petitioner has not shown when was the last time he actually lived in his parents' home nor any of the other facts necessary to show that he had any actual home where he lived in 1970 except in Arlington, Texas. While the tradition of the culture under which petitioner lived until he was 16 years old may consider the home of a mature man to be the place where his parents live, there are no cases which accept such a definition for the purposes of section 162(a)(2). We therefore sustain respondent's disallowance of petitioner's claimed deduction for travel expenses. A per diem payment is income (see Leo C. Cockrell,38 T.C. 470 (1962), affd. 321 F. 2d 504 (C.A. 8, 1963)) and is includable in a taxpayer's gross income. If the per diem allowance is a reimbursement for deductible travel expenses while away from home, respondent permits the taxpayer to take the shortcut of not reporting the per diem payment in lieu of *342 reporting it and claiming a deduction in an equal amount. However, when the per diem payment is not in reimbursement for deductible travel expenses, it is includable in a taxpayer's gross income and no offsetting travel expense deduction is allowable. We hold that respondent properly increased petitioner's taxable income for the year 1970 by the amount of the $2,952 per diem paid to him in that year. Decision will be entered for respondent.