W. E. BURDETT and PAT BURDETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burdett v. Commissioner
Docket No. 7198-80.
United States Tax Court
T.C. Memo 1981-739; 1981 Tax Ct. Memo LEXIS 4; 43 T.C.M. (CCH) 229; T.C.M. (RIA) 81739; December 31, 1981. Steven R. Sears, for the petitioners. Linda J. Wise, for the respondent. *5 SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1976 and 1977 in the amounts of $ 576 and $ 719, respectively. The issues for decision are (1) whether petitioners are required to include in their income the $ 3,600 statutory expense allowance that petitioner W. E. Burdett received in each of the years 1976 and 1977 as coroner of Shelby County, Alabama, and, if so, have petitioners substantiated any deductible expenses in excess of the amounts allowed by respondent in his notice of deficiency incurred by Mr. Burdett as coroner of Shelby County and (2) whether petitioners have established that they are entitled to any charitable contributions deductions in each of the years here in issue in excess of the amounts allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Montevallo, Alabama, at the time of the filing of their petition in this case, filed their joint Federal income tax returns for the calendar years 1976 and 1977 with the Atlanta Internal Revenue Service Center. *6 In 1975 W. E. Burdett (petitioner) was elected to the Office of Coroner for Shelby County for a three-year term beginning in 1975. During the entire calendar years 1976 and 1977 petitioner served as coroner of Shelby County. In accordance with the provisions of the statutes of Alabama, petitioner was paid a salary of $ 1,200 per year and given an expense allowance of $ 3,600. Petitioner was reimbursed by the County Commission of Shelby County for mileage travelled in connection with his work as coroner at the rate of 12 cents per mile on the basis of statements of mileage travelled submitted by him to the County Commission. The salary of the coroner and the expense allowance were provided for by local laws of Alabama. [1] Petitioner submitted no statements to the County Commission in connection with or accounting for his expenditure of the $ 3,600 statutory expense allowance which he was granted during the years 1976 and 1977, and under the practice of the County Commission was not required to submit any such statements. In 1979 afer the investigation of his tax liability for the years here in issue began, petitioner submitted a "summary estimate" of his expenses for each of *7 the years 1976 and 1977 to the Commission. These summary estimates included round figure estimates for (1) mileage in addition to that compensated for in another account, (2) other transport, (3) meals and lodging, (4) supplies, (5) tools of the trade, (6) repair and maintenance, (7) required continuing education program expenses, and (8) miscellaneous. The total of these estimates for 1976 was $ 3,725 and for 1977 was $ 4,200. *8 Petitioner in 1976 made nine trips from Montevallo to Montgomery to attend meetings of county coroners. It is approximately 75 miles from Montevallo to Montgomery. In addition, petitioner during 1976 travelled to Jacksonville, Alabama, which is approximately 85 miles from Montevallo on two different occasions to attend educational seminars provided for county coroners. In 1977 petitioner travelled on seven different occasions from Montevallo to Montgomery to attend meetings of coroners and travelled on one occasion to Jacksonville to attend seminars provided for county coroners. Petitioner did not claim reimbursement from the County Commission for the mileage travelled on these trips. In each of the years 1976 and 1977 petitioner purchased six packs of Polaroid film for $ 5.50 per pack and used this film in connection with his duties as coroner with respect to homicide cases. Petitioner was not reimbursed for this film. Petitioner's position as coroner was part time. During each of the years 1976 and 1977 petitioner was also employed on a part-time basis by Hoffman-Rockco Funeral Home, Inc. During each of the years 1976 and 1977, petitioner paid $ 50 for an embalming license. *9 He did not deduct these expenditures as a business expense on his tax returns but did claim a deduction therefor at the trial, and counsel for respondent made no objection to this deduction not being specifically claimed in his petition. Petitioners on their 1976 and 1977 returns claimed charitable contribution deductions in the amounts of $ 1,22 and $ 520, respectively. Many of the items claimed by petitioners to be charitable contributions consisted of payments for such items as gym clothes and lab fees for their children at public school and for tuition payments for a child who lived with them during the year 1976 at a private school. Also included among the items deducted as charitable contributions were amounts spent to purchase oranges from a charitable organization. Some of the oranges purchased were consumed by petitioners and some were contributed to Thanksgiving baskets distributed by petitioners' church. During 1976 and 1977 factions had developed in the Baptist Church which petitioners had been attending in Montevallo and petitioners often attended other churches. When petitioners attended these churches, they made cash contributions. Respondent in his notice *10 of deficiency to petitioners increased their income as reported by the $ 3,600 statutory expense allowance received by petitioner. Respondent also disallowed the charitable contributions deduction claimed by petitioners except to the extent of $ 171.75 in 1976 and $ 295.45 in 1977. Since the total itemized deductions as computed by respondent were less than the standard deduction of $ 2,398.43 and $ 3,200 to which petitioners were entitled for the years 1976 and 1977, respectively, respondent computed petitioners' income on the basis of the allowance of the standard deduction. Respondent allowed petitioners a dependency exemption of $ 750 which they had not claimed on their return for the child who lived in their home during the year 1976. OPINION Section 61 [2] provides that gross income means income from whatever source derived. This is a broad definition and under its provisions petitioner is required to include in income the $ 3,600 statutory expense allowance which he received from Shelby County in accordance with the local statutes of Alabama. Cockrell v. Commissioner, 38 T.C. 470, 478 (1962), affd. 321 F.2d 504 (8th Cir. 1963). Therefore, *11 respondent was correct in including the $ 3,600 expense allowance in petitioners' gross income for each of the years here in issue. Petitioners argue that if they are required to include the $ 3,600 received in each year in their gross income, petitioner should be entitled to deduct those amounts because he should have been required to account to his employer for the expenses and he, in fact, did in 1979 account to his employer. Petitioners state that under section 1.162.17(d) [3] of the Income Tax Regulations petitioner should be entitled to deduct the entire $ 3,600. This section of the regulations provides that although the Commissioner may require any taxpayer to substantiate information concerning expense accounts, ordinarily a taxpayer will not be required to do so unless (1) he is not required to account for his expenses to his employer or does not so account, (2) he claims a deduction in excess of reimbursements, (3) he is related to his employer, or (4) the accounting procedures used by the employer are not adequate. *12 This regulation in no event would prohibit the Commissioner from requiring an accounting for expenses in a specific case. However, in the instant case, it is clear from the record that petitioner was not required to account to Shelby County, his employer, for the $ 3,600 of expense money and that he did not so account. Obviously the accounting referred to in the regulation is a current accounting during the year the expense reimbursement is received. Petitioner's summary estimates filed in 1979 are not "accounting" as contemplated by the regulation. We therefore hold that petitioner is entitled to deduct expenses in connection with his duties as coroner only to the extent that he has established amounts expended in connection with his work. Petitioner has shown that in each of the years here involved he spent $ 33 for film for use in his work as coroner. He therefore is entitled to deduct this $ 33 in each of the years here in issue. *13 The record indicates that petitioner was not entitled to reimbursement from the county for the mileage he travelled to and from Montgomery for county coroners' meetings and to and from Jacksonville for seminars. The record is clear that he did not make a claim for reimbursement for these amounts and was not so reimbursed. Accordingly, we hold that petitioner is entitled to deduct the cost of travelling 1,690 miles in 1976 and 1,220 miles in 1977 in connection with his business as a coroner. At the trial, respondent conceded that to the extent petitioner established business mileage travelled, he would be entitled to deduct the amount per mile applied to this mileage allowed by the Commissioner's rulings with respect to the year in which the car was driven in lieu of actual automobile expenses. Petitioner is therefore entitled to deduct the appropriate amount per mile allowance applied to 1,690 miles in 1976 and 1,220 miles in 1977. Although the $ 50 petitioner spent in each year to obtain an embalming license was not specifically required of him as a coroner, it was certainly helpful to him as a mortician for the funeral home. We therefore hold that this amount is deductible *14 by petitioner in each year here involved although not specifically claimed on his return. The record shows that in addition to the amounts allowed by respondent to petitioners as charitable deductions in 1976 which were substantiated by checks or receipts, petitioners made some cash contributions to churches. However, the record is insufficient to show that the amounts of these cash contributions when added to the itemized deductions otherwise substantiated by petitioners are equal to the standard deduction allowed by respondent in computing petitioners' tax. The record does not show the composition of the $ 295.45 charitable deduction allowed by respondent to petitioners for the year 1977. Insofar as this record shows, all of these amounts may have been estimates of cash contributions made by petitioners to churches. On the basis of the estimates testified to at the trial, we conclude that petitioners have failed to show deductible contributions in addition to those allowed by respondent in either of the years here in issue in an amount which when added to the otherwise substantiated itemized deductions would exceed the standard deduction allowed by respondent. On the basis *15 of this record, we sustain respondent's adjustments to petitioner's taxable income as set forth in the notice of deficiency except that the items of business expenses we have found to be deductible should be allowed as business expense deductions to petitioner. Decision will be entered under Rule 155. Footnotes
1. Act No. 139 of the Alabama Legislature, approved August 19, 1966, provided for coroners of counties with specified populations to receive an annual salary of $ 1,200 payable monthly from the general funds of the county and further provided that all reasonable and necessary expenses incurred in the performance of the duties of the office as approved by the governing body of the county should be paid to the coroner. Act No. 1740 of the Alabama Legislature, approved September 17, 1971, provides as follows: AN ACT Relating to all counties having a population of not less than 36,500 nor more than 39,200, according to the most recent federal decennial census; and providing for the payment by the county governing body of an expense allowance for the Tax Assessors, Tax Collectors, Circuit Clerks, Probate Judges, Coroners, and members of the county governing bodies; providing a limitation on amounts so paid; and providing further for such payments. Be It Enacted by the Legislature of Alabama: Section 1. In all counties having a population of not less than 36,500 nor more than 39,200, according to the most recent federal decennial census, the county governing bodies are hereby authorized to appropriate from the county general funds expense allowances for Tax Assessors, Tax Collectors, Circuit Clerks, Probate Judges, Coroners, Sheriff and members of the county governing bodies; such expense allowances shall not be in excess of twenty-four hundred dollars ($ 2,400.00) per annum per official and may be paid on a monthly basis. Such an expense allowance shall be in addition to all other compensation and allowances provided by law and the officials receiving such allowances shall not be required to account in any manner for the spending of such expense allowances. Section 2. This Act shall become effective on October 1, 1971 and upon its passage and approval by the Governor, or upon its otherwise becoming a law. Act No. 2217 of the Alabama Legislature, approved October 1, 1971, provided as follows: AN ACT To authorize the Shelby County Governing Body to appropriate an allowance for expenses for the Shelby County Coroner. Be It Enacted by the Legislature of Alabama: Section 1. The Shelby County governing body shall, beginning October 1, 1971, be authorized to appropriate from the General Fund of Shelby County an allowance for expenses for the Coroner of Shelby County in the amount of $ 1,200.00 per year. Such allowance shall be payable in equal monthly installments and shall be in addition to all other allowances and compensation heretofore provided by law. Section 2. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming law.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. Sec. 1.162-17(d)(1), Income Tax Regs., provides: (d) Substantiation of items of expense. (1) Although the Commissioner may require any taxpayer to substantiate such information concerning expense accounts as may appear to be pertinent in determining tax liability, taxpayers ordinarily will not be called upon to substantiate expense account information except those in the following categories: (i) A taxpayer who is not required to account to his employer, or who does not account; (ii) A taxpayer whose expenses exceed the total of amounts charged to his employer and amounts received through advances, reimbursements or otherwise and who claims a deduction on his return for such excess; (iii) A taxpayer who is related to his employer within the meaning of section 267(b); and (iv) Other taxpayers in cases where it is determined that the accounting procedures used by the employer for the reporting and substantiation of expenses by employees are not adequate.↩