**Frank H. WILLIAMS and Mae Williams, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. LR–C–82–474.

United States District Court, E.D. Arkansas, W.D.

Aug. 1, 1983.

Leonard D. Van Slyke, Jr. and David A. Bowers, Thomas, Price, Alston, Jones & Davis, Jackson, Miss., for plaintiffs.

Lawrence Sherlock, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

ROY, District Judge.

This is an action for a refund of $5,690.00, plus interest, costs and attorneys' fees, for federal income taxes assessed against the plaintiffs, husband and wife, for the tax years 1979 and 1980. The disagreement between the taxpayer (since the returns were joint the wife is a named party but reference hereafter will be only to the husband) and the government was caused by the disallowance of business deductions claimed by Mr. Williams for certain traveling expenses which he incurred while working at the Grand Gulf Nuclear Power Station (hereinafter "Grand Gulf") in Port Gibson, Mississippi.

This cause has been submitted for decision on the basis of briefs, a stipulation of facts and depositions without benefit of trial. The matter is ripe for decision.

The parties have agreed that if the Court finds that plaintiff's employment at Grand Gulf was temporary then the total amount deducted in 1980, $9,125.00, was properly deductible. However, for tax year 1979 the government concedes that only $4,481.00 of the $9,202.00 deducted because of the Grand Gulf job would be properly deductible if the Court finds the job to have been temporary. The difference, $4,721.00, is the amount claimed for which the government argues that there is insufficient documentation.

Williams, an electrician, is a native of Little Rock and has lived with his wife and son in Perryville, Arkansas since 1975. He has been a member of the International Brotherhood of Electrical Workers, Local 295, for forty years.

On May 30, 1979, there being no union work available in the Little Rock area, Williams obtained a job through his union working for Bechtel Corporation at Grand Gulf. He worked at that site continuously until March 11, 1982 when he left for a job closer to his home in Perryville.

When Williams first began work at Grand Gulf he lived in a motel in Vicksburg, commuting to Port Gibson each day. About six weeks later he bought a trailer in Port Gibson where he stayed for the duration of his employment with Grand Gulf.

The Grand Gulf Project which began in 1974 was to have two units producing electricity from nuclear power. Unit One has been completed, but is not in operation. Unit Two has not been completed and there is some question if it will ever be completed and placed into operation, according to the testimony of Ray S. Sutherland, Area Labor Relations Representative for Bechtel.

The traveling costs under consideration here are deductible only if they are ordinary and necessary business expenses under § 162(a) of the Internal Revenue Code. § 262 of the Code prohibits the deduction of any personal expenses. A taxpayer who chooses for personal reasons to live away from his place of employment cannot then deduct his traveling expenses. *Commissioner v. Flowers*, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946). However, an exception to that rule allows the deduction where the taxpayer has an established residence and his employment away from that residence is "temporary" as contrasted with "indefinite" or "indeterminate". See *Peurifoy v. Commissioner*, 358 U.S.

59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958); *Cockrell v. C.I.R.*, 321 F.2d 504 (8th Cir.1963).

The temporary or indefinite test is determinative of the issue before this Court (the question of substantiation of expenses will be treated below). The most comprehensive guide in this Circuit on this issue is the case of *Frederick v. United States*, 603 F.2d 1292 (8th Cir.1979) in which the Court of Appeals allowed deductions for traveling expenses where a carpenter commuted 81 miles each way from his home to an antiballistic missile project for three years. The decision was based on a finding that at any time during the three year period it was likely that his employment would last only a short time longer. That Court said:

> "Consequently, when a taxpayer reasonably expects to be employed in a location for only a short or temporary period of time and travels a considerable distance to the location from his residence, it is unreasonable to assume that his choice of a residence is dictated by personal convenience. The reasonable inference is that he is temporarily making these travels because of a business necessity."
> *Id.* at 1295.

The critical question is whether Williams' expectation that his employment at Grand Gulf would be for only a short or temporary period was a reasonable expectation under the facts and circumstances of this case. His prospect for continued employment is a question of fact.

It is the government's contention that before Williams arrived in Grand Gulf he should have expected that the job would be of long or substantial duration and that all the while that he was there nothing occurred which should have changed that expectation of continued employment.

When work is unavailable in or around Little Rock (Local 295's area covers approximately an 80 mile radius around Little Rock) Williams goes wherever he can get work through his Local. In the last fifteen years he has had to work out of Arkansas on ten or twelve occasions for periods of three weeks to over two years.

In 1978 and 1979 Mr. Williams worked at a nuclear power plant in Russellville, Arkansas. His union had told him that the job would last about three or four months, but he remained there for a year and one-half. He then worked at a paper mill in Morrilton, Arkansas for three to four months; then at a power plant in Illinois for four or five weeks; and then at a steel mill in Texas for a short time. He obtained each of these jobs as he had the one at Grand Gulf, i.e. through his union local in Little Rock.

When his local sent him to Grand Gulf he had no way of knowing how long the job would last. He stated in his deposition that it was his "impression" when he left the union hall that the job would last three to four months. While at Grand Gulf he was classified as a "traveler" by the union which meant that he would be laid off before any of the members of the Mississippi local union of similar experience. There were often rumors at the construction site of this controversial project that various crews would be laid off. Mr. Williams' insecurity was heightened when a very large lay off of electricians occurred only six months after he began work there. Work on Unit 2 was stopped due to cash flow problems. Further evidence of the indefiniteness of the length of stay for an electrician at Grand Gulf is the fact that in July, 1979 there were 496 general electricians on the site; in April, 1980 326; in July, 1980 298; December, 1980 244.

While working at Grand Gulf Mr. Williams' wife and son remained in their family home in Perryville where he visited on weekends and holidays. There can be no dispute that Williams intended to return to Perryville when he left Grand Gulf.

■ The Court finds that considering Williams work history and the nature of the job at Grand Gulf he was reasonable in believing that at any time he might have been laid off. His job was temporary and he is, therefore, entitled to deduct reasonable and necessary business expenses for the years in question.

As previously stated the government has agreed that the $9,125.00 that he deducted in 1980 was properly calculated. Of the amount deducted for 1979 the government disallowed $4,721.00 for want of documentation pursuant to § 274(d) of the Code. Mr. Williams admits that he has no records to prove these expenses but asks the Court to adopt a reasonable estimate of $35.00 per day for that period.

Because of the abuse of this type of deduction the Code requires "... the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement....". The Court finds that in the absence of such evidence the deduction must be disallowed.

IT IS CONSIDERED, ORDERED AND ADJUDGED:

That for tax year 1979 plaintiffs shall be allowed $4,481.00 as the proper business expense deduction and for tax year 1980 shall be allowed $9,125.00 as proper business expense deductions. Plaintiffs' income taxes should be recomputed and a refund issued on this basis. The request for attorneys' fees is denied.