DENNIS ALLEN BEIERLE AND DIANE LORENE BEIERLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beierle v. Commissioner
Docket No. 3417-90
United States Tax Court
T.C. Memo 1992-278; 1992 Tax Ct. Memo LEXIS 303; 63 T.C.M. (CCH) 3010; May 14, 1992, Filed *303 Decision will be entered for respondent. Dennis A. Beierle, pro se. Mary Ann Waters, for respondent. POWELL
POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge: This case was heard pursuant to section 7443A(b)(4). [1]
By notice of deficiency, respondent determined deficiencies in petitioner's [2] Federal income tax for the 1985 and 1986 taxable years in the respective amounts of $ 6,709 and $ 5,700. After concessions by petitioner, [3] the only issues for decision are whether petitioner is required to report as income the per diem allowance that he received in 1985, and, if so, whether he is entitled to deduct certain expenses under section 162. Our decision ultimately depends on whether petitioner's employment was "temporary" or "indefinite". *304 FINDINGS OF FACT When the petition was filed, petitioners resided in Cedar Rapids, Iowa. From September 1984 until the time of trial, petitioner was employed as a radwaste operator and senior technician with Allied Nuclear, Inc. (Allied), at the Duane Arnold Energy Center in Palo, Iowa. During 1985, petitioner received a $ 17,956 per diem living allowance from Allied. Allied reported the living allowance neither on Form W-2 nor Form 1099. Allied did not require petitioner to account for or document his living expenses during 1985. Petitioner did not report any of the per diem allowance as income on his 1985 tax return. From August 1976 through October 1978, petitioner worked in Livingston, Louisiana. From November 1978 through October 1979, petitioner worked in Lyons, Kansas. From November 1979 through May 1980, petitioner worked in Prosser, Washington, where his parents reside. Petitioner left his position in Washington in May of 1980 and went to California to begin a new job as a radioactive waste specialist at the San Onofre Nuclear Generating Station. Petitioner was initially offered a 3-week contract. However, this temporary contract was constantly renewed, and by *305 1982, it had evolved into a 2-year contract. Petitioner met and married his wife in California during 1982. Petitioner's job in California required him to travel to Prosser, Washington, for the purpose of escorting vehicles carrying radioactive waste to burial grounds located there. While working in California, he lived in a hotel and he returned to Prosser on occasion for personal reasons. Petitioner paid money to his parents for the purpose of storing personal items in the basement of their home in Prosser, Washington. Petitioner worked in California until August 1984. In September 1984, petitioner obtained a 6-month position with Allied in Iowa. Allied contracted with Iowa Electric on a yearly basis to supply personnel for the Duane Arnold Energy Center. At the outset, petitioner did not know whether Allied's contract would be renewed. However, by January 1985, Allied's contract would be renewed for another year. Subsequent to that point in time, petitioner learned that Allied had contracted with Iowa Electric since the late 1970's, and that the contract was renegotiated yearly. Petitioner was hired because of his professional skill as a shipper of radioactive waste. *306 Petitioner did not intend to remain in Iowa for more than a year or two. After being on the job for a couple of months, however, Allied asked petitioner to remain at the jobsite, to qualify as a radioactive waste operator, and to train other personnel. Petitioner moved his family to Iowa in late October 1984. In September 1985, he purchased a home in Cedar Rapids, Iowa. Prior to that time he rented lodging. During 1985, petitioner obtained an Iowa automobile license and registered to vote in Iowa. His children attended school in Cedar Rapids. Petitioner maintained bank accounts exclusively in Iowa. Petitioner spent one week in Prosser, Washington, during 1985. Aside from the payments to his parents, petitioner had no other living expenses that were duplicated in Washington while working in Iowa during 1985. Respondent determined that the per diem allowance must be included in income under section 61. Respondent also contends that petitioner is not entitled to offset the per diem living allowance with his expenses in Iowa because Iowa, not Washington, was petitioner's tax home. Respondent alternatively contends that even if petitioner can clear this hurdle, offsetting *307 deductions for travel, meals, and lodging must be disallowed to the extent they cannot be substantiated. On the other hand, petitioner contends that his tax home was Prosser, Washington, and that the per diem allowance is not includable in gross income because the allowance is a reimbursement of petitioner's living expenses paid while away from home in pursuit of a trade or business. Petitioner argues that the per diem allowance is offset by his expenses, with the net effect that the per diem allowance does not result in taxable income. OPINION Under section 61, gross income means "all income from whatever source derived." Section 1.162-17(b)(1), Income Tax Regs., provides that an "employee need not report on his tax return * * * expenses for travel * * * incurred by him solely for the benefit of his employer for which he is required to account and does account to his employer". On the other hand, where an employee is not required to account to his employer, the employee must submit a statement with his tax return showing the total amount received, sec. 1.162-17(c)(1), Income Tax Regs., and "the total amount of ordinary and necessary business expenses paid or incurred by him", *308 sec. 1.162-17(c)(2), Income Tax Regs. Since petitioner was not required to and did not account to his employer for his expenses, the per diem allowance received by petitioner is includable in gross income under section 61 and should have been reported. Cockrell v. Commissioner, 38 T.C. 470, 478 (1962), affd. 321 F.2d 504 (8th Cir. 1963). The question remains, then, whether petitioner is entitled to deduct expenses under section 162(a)(2). At the outset, we note that deductions are a matter of legislative grace. A taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 262 provides that personal, living, or family expenses are not generally deductible. Where business travel is involved, some otherwise personal expenses connected with employment may be considered to arise from the exigencies of business and not from the taxpayer's personal choice. Section 162(a)(2) allows a deduction for all necessary expenses incurred in carrying on a trade or business, including expenses for travel, meals, *309 and lodging while away from home in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). A taxpayer's home, as that term is used in section 162(a)(2), is generally in the area or vicinity of a taxpayer's principal place of employment rather than the location of his family residence. Commissioner v. Stidger, 386 U.S. 287, 297 (1967). A home in the tax sense is where one has his principal place of duty and where he has an abode while pursuing such duty, "not where he merely claims his 'residence' to be." Cockrell v. Commissioner, 321 F.2d 504, 507 (8th Cir. 1963), affg. 38 T.C. 470 (1962). An exception exists where the taxpayer's employment in a particular location is "temporary", as opposed to being indefinite or indeterminate. When a taxpayer with a principal place of employment goes elsewhere to take work that is merely temporary, the taxpayer is considered to be away from home at the place of employ. Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968). Expenses at the place of temporary employment are deductible. The purpose of allowing the deduction *310 of living expenses while a taxpayer is temporarily away from home is to mitigate the burden of the taxpayer who must maintain two residences and thereby incur duplicate living expenses. Tucker v. Commissioner, 55 T.C. 783, 786-787 (1971). Employment is considered temporary if it is expected to last for a short period of time. Employment is indefinite in nature where the prospect is that the work will continue for an indeterminate and substantially long period of time. Whether employment is temporary or indefinite in nature is a factual question, Mitchell v. Commissioner, 74 T.C. 578, 581 (1980), and petitioner has the burden of proof, Welch v. Helvering, 290 U.S. 111, 115 (1933). When petitioner began working for Allied in September of 1984, he had a temporary contract. He did not expect to remain in Iowa for an indefinite period. His employment was therefore "temporary in contemplation at the time of its acceptance." Commissioner v. Peurifoy, 358 U.S. 59, 61 (1958). Under the circumstances, it would have been unreasonable for petitioner to relocate his home to Iowa at the outset, as his employment *311 there was not necessarily expected to last for an indefinite period of time. Employment which is originally temporary, however, may become indefinite due to changed circumstances, or simply by the passage of time. Norwood v. Commissioner, 66 T.C. 467, 469 (1976). By the end of 1984, petitioner's situation changed significantly. By that time it was clear that Allied valued his services and was willing to have his employment continue indefinitely. Petitioner had moved his family to Iowa and became a resident of Iowa. We hold that petitioner's employment ripened into an indefinite employ when Allied asked him to remain at the jobsite, to qualify as a radwaste operator, and to train other personnel. Garlock v. Commissioner, 34 T.C. 611, 615 (1960). Thus, any expenses incurred during 1985 were nondeductible expenses under section 262. Accord Barton v. Commissioner, T.C. Memo. 1992-25 (involving a virtually identical situation). To reflect the foregoing and concessions contained in the stipulation, Decision will be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The determinations made with respect to the tax return relate solely to the activities of Dennis Beierle. For simplicity, therefore, we refer to Dennis Beierle as petitioner. ↩
3. Petitioner conceded that the per diem allowance received by petitioner in 1986 is includable income for the 1986 taxable year. Petitioner also conceded that respondent properly disallowed two of four dependency exemptions claimed by petitioner on his 1985 and 1986 Federal income tax returns.↩