T.C. Summary Opinion 2015-19

UNITED STATES TAX COURT

ARUNAS SAVULIONIS AND ILONA R. SAVULIONIS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9144-12S.                          Filed March 17, 2015.

Arunas Savulionis and Ilona R. Savulionis, pro se.

Jayne Michele Wessels, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated January 25, 2012 (notice), respondent determined the following deficiencies in, and accuracy-related penalties with respect to, petitioners' Federal income tax:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2009 | $10,463 | $2,092.60 |
| 2010 | 9,242 | 1,848.40 |

The issues for decision for each year are: (1) whether petitioners are entitled to various deductions claimed on Schedule C, Profit or Loss From Business; and (2) whether petitioners are liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed and at all other times relevant here, petitioners resided in Philadelphia.

---

[1](...continued)
Code of 1986, as amended, in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

Arunas Savulionis (petitioner) is a vascular ultrasound technologist. He is the sole proprietor of a vascular ultrasound and technology business named Arunas Savulionis Sole Proprietorship (sole proprietorship). Through the sole proprietorship petitioner provided vascular ultrasound and technology services for the patients of an outpatient clinic in Somers Point, New Jersey (clinic), during each year in issue. In order to do so on the days he was on duty, petitioner routinely commuted between his residence and the clinic in his personal car. The clinic, rather than petitioner, billed and received payments from its patients for the treatments they received from petitioner. Ilona R. Savulionis was employed as the bookkeeper for the sole proprietorship for both years in issue.

At all times relevant, petitioners and their daughter lived in a 1,000-square-foot house (house). Individuals enter and leave the house through a door in the 340-square-foot living room. Access to the other rooms in the house is through the living room. Petitioner used the living room for certain business-related purposes, but he did not treat any patients there.

During the years in issue petitioner considered opening a vascular ultrasound and technology laboratory, and an ultrasound technologist staffing agency to fill a demand he believed existed for such services in the Philadelphia area; in the living room of his house he took some preliminary steps to do so. As

of the close of 2010, however, he was not engaged in a trade or business of doing either.

Petitioners electronically filed their 2009 and 2010 joint Federal income tax returns. They did not elect to itemize deductions for either year in issue. See sec. 63. Income and deductions attributable to the sole proprietorship are reported on a Schedule C attached to each return. All of the income, $95,556 and $88,639 for 2009 and 2010, respectively, reported on the Schedules C is attributable to services petitioner provided to the patients of the clinic through the sole proprietorship. As relevant here, the following deductions are claimed on the Schedules C:

| Expense | 2009 | 2010 |
|---|---|---|
| Business use of home | $6,854 | $7,683 |
| Meals | 6,405 | 6,945 |
| Car and truck | 19,050 | 17,534 |

The deductions for business use of the home represent household costs allocable to the living room on the basis of area. The deductions for meals are attributable to meals consumed while petitioner was at work in Somers Point, New Jersey. The deductions for car and truck expenses are attributable to driving petitioners' car between petitioner's residence and the clinic.

In the notice and as relevant, respondent: (1) disallowed substantially all of the deductions for the above-listed Schedule C expenses;[2] and (2) imposed a section 6662(a) accuracy-related penalty on several grounds, including "negligence or disregard of rules or regulations" and "substantial understatement of income tax". Other adjustments made in the notice are computational and need not be addressed.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d

---

[2]In the notice respondent allowed deductions of $36.70 and $467 for car and truck expenses for 2009 and 2010, respectively, which according to respondent represents the portion of the car and truck expenses attributable to petitioner's attendance at continuing professional education conferences.

[3]Petitioners do not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

821 (5th Cir. 1976); <u>Meneguzzo v. Commissioner</u>, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. <u>See</u> sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.

Keeping these fundamental principles of Federal income taxation in mind, we consider petitioners' claims to the various deductions here in dispute.

I.  <u>Home Office Expenses</u>

Petitioners claim home office expense deductions of $6,854 and $7,683 for 2009 and 2010, respectively. These deductions relate to various expenses (mortgage interest, utilities, etc.) allocable to a portion of petitioners' house, that is, the living room. Except as allowable in section 280A, no deduction is allowed for expenses incurred by an individual in connection with the individual's use of a dwelling unit as a residence during the taxable year. <u>See</u> sec. 280A(a). The house is a dwelling unit within the meaning of section 280A(a), <u>see</u> sec. 280A(f), which petitioners used as a residence during both years in issue, <u>see</u> sec. 280A(d).

There are several exceptions to this general rule, only one of which is relevant here. An individual is allowed deductions for expenses attributable to the

use of a portion of a dwelling unit which is exclusively used on a regular basis by the individual as the principal place for any trade or business. See secs. 162(a), 280A(c)(1)(A). According to petitioners, the house was petitioner's principal place of business for the sole proprietorship for each year in issue, and the entire living room of the house, to which the deductions here in dispute relate, was used exclusively for business purposes. Respondent disagrees on both points, and so do we.

Entry to and exit from the house was through a door in the living room. Access to all other rooms in the house was through the living room. Three individuals lived in the house and no doubt congregated in the living room and otherwise engaged in other family activities in that room. Petitioners' claim that the entire living room was used exclusively for business purposes is wholly inconsistent with a commonsense notion of the everyday realities of family life of a three-person family residing in a dwelling unit as described by petitioner. Because we are not convinced that the entire living room was used exclusively for business purposes during either year in issue, petitioners are not entitled to deductions for the expenses attributable to that portion of the house. Furthermore, our finding in that regard operates, in and of itself, to deny petitioners those

deductions regardless of whether the house was the principal place of any of petitioner's businesses during either year in issue.

Respondent's disallowances of the deductions attributable to the use of petitioners' house in petitioner's business are sustained.

II. Meals Expenses

Petitioners claim deductions of $6,405 and $6,945 for 2009 and 2010, respectively, attributable to meals that petitioner consumed during the days he worked at the clinic in Somers Point, New Jersey.

Section 162(a)(2) allows a taxpayer to deduct ordinary and necessary travel expenses, including amounts for meals, paid or incurred during the taxable year if such expenses are paid or incurred while away from home in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Cockrell v. Commissioner, 38 T.C. 470 (1962), aff'd, 321 F.2d 504 (8th Cir. 1963). The reference to "home" in section 162(a)(2) means the taxpayer's "tax home". Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968). As a general rule, a taxpayer's tax home is in the vicinity of his principal place of business, not where his personal residence is, if different from his principal place of business. Mitchell v. Commissioner, 74 T.C. at 581; Kroll v. Commissioner, 49 T.C. at 561-562.

We are satisfied from what has been presented that petitioner's tax home, and therefore his "home" for purposes of section 162(a), was the vicinity of the clinic during both years in issue because the clinic was the principal place of petitioner's business during both years. The clinic's facility in Somers Point, New Jersey, is the only location where petitioner provided the necessary medical services to the patients of the clinic, and his association with the clinic generated all of the income shown on the Schedules C. Because the meals expenses were not paid or incurred by petitioner while traveling away from home, petitioners are not entitled to a deduction for those expenses for either year in issue. Respondent's disallowances of those deductions are sustained.[4]

## III. Car and Truck Expenses

For each year in issue the deduction for car and truck expenses is attributable to the use of petitioner's car to travel between his residence and the clinic.

In general, expenses for traveling between a taxpayer's residence and the taxpayer's regular place of business or employment constitute nondeductible

---

[4]The result would be the same even if the evidence supported a finding that the vicinity of petitioners' house should be considered petitioner's tax home. After all, there was no need for him to stop and rest when traveling between his residence and the clinic. See United States v. Correll, 389 U.S. 299 (1967); Strohmaier v. Commissioner, 113 T.C. 106, 115 (1999).

personal expenses.  See sec. 262(a); Fausner v. Commissioner, 413 U.S. 838

(1973); Commissioner v. Flowers, 326 U.S. 465; Feistman v. Commissioner, 63

T.C. 129, 134 (1974).  Relying upon an exception to this general rule, petitioners

argue that the expenses are attributable to the cost of traveling (driving) between

two places of business, namely, petitioner's home office and the clinic.  See

Strohmaier v. Commissioner, 113 T.C. 106, 113-114 (1999); Wis. Psychiatric

Servs., Ltd. v. Commissioner, 76 T.C. 839, 849 (1981); Curphey v. Commissioner,

73 T.C. 766, 777-778 (1980).

The exception that petitioners rely upon applies only if the taxpayer's home

office constitutes the taxpayer's principal place of business.  Petitioner's residence

was not the principal place of business with respect to his employment with the

clinic, and it was not a second place of business with respect to his activities in

connection with his plans to start a vascular ultrasound and technology laboratory

and/or an ultrasound technologist staffing agency, because those activities had not

matured to the level of a trade or business as of the close of either year in issue.

See Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987); Richmond Television

Corp. v. United States, 345 F.2d 901, 907 (4th Cir. 1965), vacated and remanded

on other grounds, 382 U.S. 68 (1965).

The expenses that petitioner paid or incurred to travel between his residence and the clinic are nondeductible personal expenses. See sec. 262(a). Respondent's disallowances of the deductions for those expenses are sustained.

IV. Section 6662(a) Accuracy-Related Penalty

Lastly, we consider whether petitioners are liable for a section 6662(a) accuracy-related penalty for either year in issue. Relying upon various grounds, including a substantial understatement of income tax, respondent argues that they are. See sec. 6662(a)-(d).

Section 6662(a) imposes a penalty of 20% of the portion of an underpayment of tax attributable to, among other things, a substantial understatement of income tax. Sec. 6662(b)(2). An understatement of income tax is substantial within the meaning of section 6662 if, as relevant here, the understatement exceeds $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Respondent bears the burden of production with respect to the imposition of the penalties imposed in the notice and here in dispute, see sec. 7491(c), and that burden has been satisfied because the understatement of income tax for each year in issue (here computed in the same manner as the deficiency) will exceed $5,000, see secs. 6211, 6662(d)(2), 6664(a). That being so, it is petitioners' burden to

establish that the imposition of the penalty is not appropriate. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001); see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 6664(c)(1) provides that the section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Id. para. (b)(1).

Petitioners are not experienced in Federal tax matters; petitioner is an ultrasound technologist, and Mrs. Savulionis is a bookkeeper for the sole proprietorship.

For all intents and purposes, the underpayment of tax required to be shown on petitioners' Federal income tax return for each year in issue results from their treatment of their residence as petitioner's: (1) principal place of business and (2) tax home. As noted, they are incorrect on both points. Nevertheless, taking into account the pertinent facts and circumstances, we are satisfied that they acted in

good faith and had reasonable cause for their errors. Accordingly, petitioners are

not liable for a section 6662(a) accuracy-related penalty for either year in issue.

　　　To reflect the foregoing,

　　　　　　　　　　　　　　　　　　　　<u>Decision will be entered</u>

　　　　　　　　　　　　　　　　　　　　<u>under Rule 155</u>.