**Dan Paul and Margo Ann WEIBERG, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 80–1676.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 23, 1981.

Decided Jan. 29, 1981.

---

Dan P. Weiberg and Margo A. Weiberg, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, Melvin E. Clark, Jr., Tax Division, Dept. of Justice, Washington, D. C., for appellee.

Before LAY, Chief Judge, GIBSON, Senior Circuit Judge, and HEANEY, Circuit Judge.

PER CURIAM.

Taxpayers Dan and Margo Weiberg appeal from a tax court decision upholding the Commissioner's disallowance of the deduction of travel expenses incurred by Dan Weiberg in conjunction with his employment with the Army National Guard for the years 1974 and 1975.

We affirm.

Taxpayers and Commissioner have stipulated to the facts as stated here. Taxpayer Dan Weiberg served with the United States Army as a helicopter gunship pilot from 1966 until 1970. On his discharge from active duty in 1970 he was attached to a ready reserve control group based in St. Louis, Missouri. After his discharge from service in March 1971, he moved to Denver, Colorado where he joined an Army National Guard reserve unit and attended college on a part-time basis. He remained with the Denver unit until August 1972. At that time taxpayer moved from Denver to Eau Claire, Wisconsin and married Margo Ann Weiberg who was employed as a teacher in the Eau Claire area. Taxpayer enrolled as a full-time student at the University of

Wisconsin at Eau Claire. He attended school full-time during 1974 and 1975, graduating in December of 1975. Throughout this period taxpayer received non-taxable educational benefits under the G.I. Bill. Upon his move to Eau Claire taxpayer transferred to a reserve unit located in Madison, Wisconsin,[1] 180 miles away.

As a member of the Army National Guard taxpayer was required to and did attend monthly weekend reserve meetings in Madison throughout 1974 and 1975. Taxpayer claimed travel expenses of $2,417 and $2,520 as deductions on his 1974 and 1975 income tax returns. The Commissioner disallowed the deductions for travel expenses under § 162(a)(2) of the IRS Code and determined a deficiency in taxpayer's returns of $410 and $462 for 1974 and 1975.

The tax court, in sustaining the Commissioner's ruling, held that Madison, Wisconsin was taxpayer's tax home for 1974 and 1975 because it was his only place of employment and the employment was not temporary in nature. The tax court also stated that it appeared that taxpayer's expenses were attributable to his personal choice to reside in Eau Claire and not to the exigencies of his employment.

We agree with the court that the choice to reside in Eau Claire was due to personal considerations and not to the exigencies of employment.

To be deductible under section 162(a)(2) of the Code, a travel expense must satisfy three conditions:

(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

(2) The expense must be incurred "while away from home."

(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade.

*Commissioner v. Flowers*, 326 U.S. 465, 470, 66 S.Ct. 250, 252, 90 L.Ed. 203 (1946). In *Flowers* the taxpayer, an attorney, deducted as travel expenses the cost of traveling from his home in Jackson, Alabama to his place of employment in Mobile. The court found the Commissioner had properly disallowed the deduction, stating:

The facts demonstrate clearly that the expenses were not incurred in the pursuit of the business of the taxpayer's employer, the railroad. Jackson was his regular home. Had his post of duty been in that city the cost of maintaining his home there and of commuting or driving to work concededly would be non-deductible living and personal expenses lacking the necessary direct relation to the prosecution of the business. The character of such expenses is unaltered by the circumstance that the taxpayer's post of duty was in Mobile, thereby increasing the costs of transportation, food and lodging. Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same.

*Commissioner v. Flowers*, 326 U.S. at 473–74, 66 S.Ct. at 253. The expenses in issue here, like those in *Flowers*, do nothing to further the interests of taxpayer's employer. Clearly taxpayer was not required by the Army National Guard to live in Eau Claire.

Taxpayer argues on appeal that the tax court erred in finding that his employment with the Army National Guard was not temporary in nature.

■ This court adopted an exception to the third requirement of *Flowers* in *Frederick v. United States*, 603 F.2d 1292 (8th Cir. 1979). There we quoted *Cockrell v. Com-*

---

1. There was a reserve unit located in Eau Claire, Wisconsin at the time taxpayer moved but he declined to transfer to that unit because it was not an aviation unit and had no available position compatible with taxpayer's experience as a gunship helicopter pilot.

*missioner*, 321 F.2d 504, 507 (8th Cir. 1963) with approval, stating:

'Where it appears probable that a taxpayer's employment outside the area of his regular abode will be for a "temporary" or "short" period of time, then his travel expenses are held to be deductible; conversely, if the prospects are that his work will continue for an "indefinite" or "intermediate" or "substantially long" period, then the deduction is disallowed.'

*Frederick v. United States*, 603 F.2d at 1294. The rationale behind this exception is that a taxpayer's choice of residence is significantly influenced by his expected term of employment. As we explained in *Frederick*:

[A] taxpayer has considerable discretion in determining where he wants to live when he will be employed in a location for a substantial or indefinite period of time. This discretion is severely limited or nonexistent when a taxpayer will be employed for only a short or temporary period of time. Thus, the choice of a residence is a personal decision in the first situation, and a business decision in the latter.

*Frederick v. United States*, 603 F.2d at 1295. Taxpayer correctly states that *Frederick* and *Cockrell* require this court, in determining whether the job was temporary or indefinite in duration, to evaluate "those facts available to a taxpayer at a point in time and determine, in light of those facts, whether future employment was for a temporary or indefinite period." *Frederick v. United States*, 603 F.2d at 1296. In *Frederick* we held that although a job lasted three years it was temporary in nature where the taxpayer, due to the nature of the employment was faced with a high probability of being laid off in a few months and where there was no certainty that those who were laid off would be rehired. We find it easy to distinguish this case from *Frederick*. Taxpayer, at the time of the move from Denver to Eau Claire, anticipated that it would take two years and nine months to complete his college education. He was not, as was the taxpayer in *Frederick*, faced with a high probability of layoffs and work stoppages. On the contrary, it appears that the prospects for taxpayer's continued employment with the Army National Guard were quite good. This is reinforced by taxpayer's expressed intent to remain with the Army National Guard for the 20 years until retirement. Furthermore, it appears that the uncertainties which taxpayer argues should make the job temporary in nature, i. e., completing college and seeking full-time employment, were, to a considerable extent, within his control. We find that the tax court was justified in concluding that taxpayer's employment was indefinite rather than temporary in nature.

■ Taxpayer argues in the alternative that his employment in Madison was his secondary occupation, his primary occupation being that of full-time student. Thus he maintains that since he had two occupations he is entitled to deduct the cost of traveling from one business to the other. We find this argument to be without merit. While such deductions have been allowed for taxpayers who have two or more places of business or employment, *Markey v. Commissioner*, 490 F.2d 1249 (6th Cir. 1974); *see* 4A Mertens, *Law of Federal Income Taxation* § 25.93 at 372 (J. Doheny ed. 1980), pursuing an education on a full-time basis and receiving non-taxable G.I. Bill benefits *clearly* does not constitute a trade or business within the meaning of § 162 of the Code. *See Deputy v. DuPont*, 308 U.S. 488, 499, 60 S.Ct. 363, 369, 84 L.Ed. 416 (1940); 4A Mertens, *Law of Federal Income Taxation* § 25.08 at 32 (J. Doheny ed. 1980).

■ A person's "home" for tax purposes is generally considered to be his principle place of business. *Folkman v. United States*, 615 F.2d 493, 495 (9th Cir. 1980); *Markey v. Commissioner*, 490 F.2d 1249, 1253 (6th Cir. 1974); *Curtis v. Commissioner*, 449 F.2d 225, 227 (5th Cir. 1971). Taxpayer has not shown that he has a principal place of business located anywhere other than Madison, nor has he demonstrated that he qualifies for any of the above noted exceptions. We hold that the findings of

the tax court that the taxpayer's tax home was in Madison, Wisconsin because it was his only place of employment and that employment was not temporary in nature are not clearly erroneous.  Accordingly, the decision is affirmed.