GLENN WINFORD RYAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ryan v. Commissioner
Docket No. 10053-82.
United States Tax Court
T.C. Memo 1984-482; 1984 Tax Ct. Memo LEXIS 195; 48 T.C.M. (CCH) 1073; T.C.M. (RIA) 84482; September 10, 1984. Glenn Winford Ryan, pro se. Mark A. Pridgeon, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in the income tax of petitioner Glenn Ryan and his wife of $2,062 for 1978 and $484 for 1979. With regard to both years, we must determine the amount of traveling expenses petitioner may deduct. With regard to 1978 only, we must determine whether petitioner received income which was not reported. FINDINGS OF FACT *196 Some of the facts have been stipulated. The stipulation and attached exhibits are incorporated herein by this reference. Petitioner is a pipe fitter. At the beginning of 1978 he resided in Milwaukee, Wisconsin. From February 1978 until April 1980 he was employed by A.W. Kuettel & Sons, Inc. (Kuettel) on a construction project in and and near Siler Bay, Minnesota. The project involved the construction of a disposal site for taconite tailings from the Reserve Mining Company's processing plant at Silver Bay. Some time in 1978 after petitioner accepted employment with Kuettel, he and his wife moved to Two Harbors, Minnesota, which is near Silver Bay. They did not maintain a home in Milwaukee while petitioner was employed by Kuettel. Petitioner received $3,135 in subsistence pay from Kuettel during 1978. Petitioner and his wife filed joint returns for 1978 and 1979. On the return for 1978, petitioner deducted $2,360 in mileage, representing travel to and from the Silver Bay project work site. He also deducted $1,213 in meals and lodging expenses related to his employment with Kuettel. For 1979, petitioner deducted mileage expenses of $2,072, again representing travel to and *197 from the Silver Bay work site. On February 9, 1982, respondent mailed a notice of deficiency to petitioner and his wife. The notice disallowed the deductions mentioned above and added $3,300 in unreported income for 1978. On May 12, 1982, Mr. Ryan's petition was filed. His wife did not join him in filing the petition and she is not a party in this case. Petitioner resided in Two Harbors, Minnesota, when his petition was filed. OPINION Petitioner contends his employment with Kuettel was temporary. He apparently believes his mileage, food, and lodging expenses are therefore deductible under section 162. [1] See, e.g., Tucker v. Commissioner,55 T.C. 783, 786 (1971). [2] Respondent contends petitioner's expenses are nondeductible personal expenditures within the meaning of section 262.
*198 Petitioner's testimony shows that he believes all construction work is temporary since employment at any particular site ceases when the construction at that site is completed. However, this Court has rejected the view that construction work is inherently temporary. Garlock v. Commissioner,34 T.C. 611, 615-616 (1960). [3] We regard employment as temporary if its termination within a short time can be foreseen. Mitchell v. Commissioner,74 T.C. 578, 581 (1980). Petitioner's contention that his employment with Kuettel was temporary is based on his testimony that he had no assurance that he would not be laid off. This, however, is not determinative. McCallister v. Commissioner,70 T.C. 505, 510 (1978). It does not establish that petitioner would be laid off within a short time. Unfortunately for petitioner, there simply is no evidence concerning how long his employment with Kuettel was expected to last. There is no evidence about whether the Silver Bay project might have been abandoned before it was completed or whether petitioner expected to be laid *199 off during harsh Minnesota winters. Cf. Frederick v. United States,603 F.2d 1292, 1296 (8th Cir. 1979). Furthermore, even if petitioner expected that he might have been laid off, there is no evidence that he would not have been rehired after a short period. Cf. Weiberg v. Commissioner,639 F.2d 434, 437 (8th Cir. 1981), affg. a Memorandum Opinion of this Court. A short work stoppage, alone, does not establish that a job is temporary. Frederick v. United States,supra at 1296; Blatnick v. Commissioner,56 T.C. 1344, 1348 (1971). Petitioner has the burden of proving that his employment with Kuettel was temporary. Welch v. Helvering,290 U.S. 111, 115 (1933); Tax Court Rule 142(a).On this record, petitioner has not carried that burden and respondent's determination on this issue must be sustained.[4]
*200 With regard to the unreported income, respondent determined in the notice of deficiency petitioner received $3,300 in subsistence pay from Kuettel during 1978 which was not reported. Respondent conceded, and testimony by the payroll supervisor of Kuettel established, that the amount of the subsistence pay petitioner received was $3,135. Petitioner contends only that he reported the amount shown on the Form W-2, Wage and Tax Statement, he received from Kuettel. Petitioner has not adduced any evidence which shows that the subsistence pay was included on the Form W-2. Accordingly, we must find that petitioner did not report the $3,135 in subsistence pay. Decision will be entered under Rule 155.
Footnotes
1. All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue. ↩
2. Tucker and other similar cases usually determine whether such expenses are deductible with reference to section 162(a)(2). However, the Court of Appeals for the Eighth Circuit, the circuit to which this case may be appealed, has held such expense may also be deducted under section 162(a). Frederick v. United States,603 F.2d 1292, 1295↩, n.5 (1979).
3. See Brown v. Commissioner,T.C. Memo. 1982-189↩.
4. Even if petitioner's employment with Kuettel were temporary, he would not be entitled to deduct mileage, food, and lodging after he moved to Minnesota. He did not have duplicate living expenses after he moved. See, e.g., Thomas v. Commissioner,T.C. Memo. 1976-394↩.