Bobby WALRAVEN and Katherine
Walraven, Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 86–2067.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 20, 1987.

Decided April 15, 1987.

John H. Trader, Kansas City, Mo., for appellants.

Roger M. Olsen, Washington, D.C., for appellee.

Before ROSS, ARNOLD and MAGILL, Circuit Judges.

PER CURIAM.

Bobby Walraven and Katherine Walraven appeal from a tax court[1] decision upholding the income tax deficiencies determined by the Commissioner of Internal Revenue for their tax years 1980, 1981, and 1982. We affirm.

## I. BACKGROUND

Taxpayer Bobby Walraven[2] worked for three years at the Callaway nuclear power plant project (Callaway) near Fulton, Missouri. This was approximately 150 miles from his residence in Independence, Missouri. When filing U.S. federal income tax returns for 1980, 1981, and 1982, taxpayer deducted as business expenses under 26 U.S.C. § 162 (1982) the expenses incurred while living at Callaway and traveling between Callaway and Independence. He claimed these deductions were proper because, he asserted, his employment at Callaway was only temporary.

The Commissioner, by statutory notice of deficiency dated October 31, 1984, determined that taxpayer had deficiencies in his federal income taxes for 1980, 1981, and 1982. These deficiencies were attributable to the above deductions which the Commissioner stated were nondeductible personal expenditures. The taxpayer petitioned the tax court to contest these deficiencies.

The tax court found that taxpayer's employment could reasonably be expected to last an indefinite period and accordingly ruled that the deductions had been properly disallowed. Taxpayer appeals this determination.

## II. DISCUSSION

This appeal is before this court pursuant to 26 U.S.C. § 7482 (1982). The standard of review is that the tax court's decision will be upheld "if firmly grounded in the evidence and if consistent with the law." *Commissioner v. Sunnen*, 333 U.S. 591, 607, 68 S.Ct. 715, 724, 92 L.Ed. 898 (1948). *Cf. Deamer v. Commissioner*, 752 F.2d 337, 339 (8th Cir.1985) (per curiam) (factual determination of tax court not reversed unless clearly erroneous).

As a general rule, living and traveling expenses are nondeductible personal expenses. 26 U.S.C. § 262 (1982); *Ellwein v. United States*, 778 F.2d 506, 509 (8th Cir.1985). An exception allows a deduction for these expenses if incurred while away from home in the pursuit of a trade or business. 26 U.S.C. § 162(a)(2) (1982). For purposes of section 162(a), the taxpayer's "home" is his principal place of business, and the taxpayer is "away from home" when required to travel to a vicinity other than his principal place of business for temporary work. *Ellwein*, 778 F.2d at 509.

The exception in section 162(a)(2) has thus been construed to include the living and traveling expenses incurred when it appears probable that a taxpayer's place of employment will be temporarily apart from his home. *Cockrell v. Commissioner*, 321 F.2d 504, 507 (8th Cir.1963). The rationale behind this is that one's choice of a residence is significantly influenced by the expected duration of employment. If employment is reasonably expected to last a substantial period, a decision either to relocate one's home or maintain two residences is a personal one. In contrast, if the employment is reasonably anticipated

---

1. The Honorable Joel Gerber, United States Tax Court Judge.

2. Because taxpayer and his spouse, Katherine Walraven, filed joint tax returns for the tax years at issue, Katherine Walraven is also a party to this appeal.

to be only temporary, the decision is based on a business necessity. *Weiberg v. Commissioner*, 639 F.2d 434, 436–37 (8th Cir. 1981) (per curiam); *Frederick v. United States*, 603 F.2d 1292, 1294–95 (8th Cir. 1979). Consequently, a crucial factual determination in the correct application of section 162(a)(2) is whether the employment will be temporary or whether it will be substantial or indefinite.

■ The taxpayer-appellant argues that the tax court applied an erroneous legal standard to determine whether taxpayer's employment at Callaway was temporary or indefinite. He asserts that the standard should focus on his subjective expectations and intentions. Alternatively, taxpayer-appellant argues that if the tax court identified the correct legal standard, it applied it in an erroneous manner.

■ The tax court, citing *Frederick*, 603 F.2d at 1295, stated that the temporary or indefinite test focused on the job itself and its expected duration. All the facts available to the taxpayer at a point in time are evaluated to determine whether future employment should reasonably be anticipated to be temporary or indefinite. *Weiberg*, 639 F.2d at 437; *Ellwein*, 778 F.2d at 510. The relevant fact in this determination is the taxpayer's prospects for continued employment. *Frederick*, 603 F.2d at 1295–96.

■ The test does not look to the reasonableness of moving one's home to the job site. *Id.* at 1295. Similarly, the taxpayer-appellant's argument that the correct legal standard is a subjective one, which looks to taxpayer's personal expectations and intentions with respect to his employment, misses the point of the test. *Accord Cockrell*, 321 F.2d at 506–07 (rejecting taxpayer's argument that because he never abandoned his intention to return to his permanent home, he had the right to take deductions under section 162(a)). As discussed above, the standard is one of objective reasonableness. This is the standard applied by the tax court.

■ After identifying this standard, the tax court applied it to the numerous facts in the record. The temporary or indefinite employment determination was a question of fact on which the taxpayer bore the burden of proof. *Frederick*, 603 F.2d 1296; *Ellwein*, 778 F.2d at 511. The tax court noted that the Callaway power plant project was a major project, that taxpayer-appellant was made aware of the extensions in the project's proposed completion dates, and that the contractual protection afforded to taxpayer-appellant limited the employer's rights to terminate employees. The tax court also noted that despite the fact that taxpayer-appellant, with his personal effects, returned to Independence every weekend where he maintained his social ties, taxpayer-appellant was not interested in short or two-to-three week jobs in the Independence area. The tax court concluded that "it would have been unreasonable for [taxpayer] to have concluded otherwise [than that the job was indefinite]." T.C. Memo. 1986–205, at 13 (May 21, 1986). This conclusion is not clearly erroneous; it reasonably appeared that there was a high probability for the job to continue indefinitely. *Cf. Weiberg*, 639 F.2d at 437 (probability for continued employment quite good and not negated by uncertainties which, to a considerable extent, were within taxpayer's control); *Cockrell*, 321 F.2d at 507 (citation omitted) (the job and not the pattern of living is what is critical in this determination).

Because the expenses were not incurred in connection with temporary employment, they were properly disallowed as nondeductible personal expenses. Accordingly, the decision of the tax court is affirmed.