**Raymond K. YEATES and Donna C. Yeates, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 88–2533.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1989.

Decided May 5, 1989.

Raymond K. Yeates and Donna C. Yeates, pro se.

Gary R. Allen, Washington, D.C., for appellee C.I.R.

Before JOHN R. GIBSON, WOLLMAN, and BEAM, Circuit Judges.

PER CURIAM.

Raymond and Donna Yeates [1] appeal pro se from the tax court decision determining that expenses incurred by Raymond during 1983 for meals, lodging and transportation while employed in the Chicago, Illinois area were not deductible under 26 U.S.C. § 162(a)(2) as business travel expenses. [2] We affirm.

The facts, as stipulated by the parties and accepted by the tax court, are as follows. Raymond Yeates has worked as a journeyman electrician since 1941. Prior to 1975 the taxpayers lived primarily in the Chicago, Illinois area, where Raymond regularly received job assignments from Local 134 of the International Brotherhood of Electrical Workers (IBEW). Local 134 assigned available jobs on the basis of seniority, and as Raymond had been a member of the union since 1951, he was able to work regularly in the Chicago area.

In 1975 the taxpayers moved to Arkansas and Raymond obtained employment there through IBEW Local 700. In 1979, however, Raymond began having trouble finding work in Arkansas. From January

---

1. Because the taxpayers filed a joint return, Donna Yeates is also a party to this action.

2. Since the taxable year in issue is 1983, references to the Internal Revenue Code are to the Internal Revenue Code of 1954, as amended and in effect during 1983.

1980 to April 1981 the taxpayers lived in southern California where Raymond obtained employment through IBEW Local 569 in San Diego and IBEW Local 11 in Los Angeles.

In April 1981 the taxpayers acquired their present home in Rogers, Arkansas. From that date to the present, the taxpayers have maintained their legal residence in Rogers, Arkansas, although Raymond has not worked in the state during this time period.

Raymond continued to work in southern California until September 1981. In October 1981 he worked in the Chicago area through IBEW Local 134 and continued to obtain employment in Chicago through Local 134 during the following time periods: September 1982 to November 1982; January 19, 1983 to July 14, 1983; July 20, 1983 to December 16, 1983; January 1984 to December 1984; January 1985 to May 1985; and the entire year in 1986 except for a two-week period in California and a three-week period in Missouri. During the tax year in question, 1983, Raymond worked for 10½ months in the Chicago area through Local 134. His family, however, continued to reside in Arkansas. Raymond retired on March 1, 1987.

On their joint federal tax return for 1983, the taxpayers claimed a deduction of $16,156.25 in employee business expenses, representing the traveling and living expenses (meals, lodging and transportation) incurred by Raymond in traveling to and working in the Chicago area during that year. *See* 26 U.S.C. § 162(a)(2) (allowing deduction of business traveling expenses). The Commissioner disallowed the deduction on the ground that the Chicago area was Raymond's "tax home" and that, consequently, the expenses he incurred in that area for meals, lodging and transportation constituted nondeductible personal expenses under section 262 of the Internal Revenue Code.

Following a trial, the tax court issued its decision that Raymond's employment in the Chicago area during 1983 was indefinite, rather than temporary, and Chicago was therefore his tax home. Accordingly, Raymond's living expenses of $16,156.25 were nondeductible under section 162(a) and the taxpayers had an income tax deficiency of $2,772.00 for the 1983 tax year. In reaching this result, the tax court noted that Raymond was assured of fairly steady employment in the Chicago area due to his seniority in Local 134.[3]

The taxpayers appeal contending that Raymond's employment in Chicago during 1983 was temporary as he was contracted to ten different employers for short job assignments of predetermined duration and tried repeatedly to find work near his permanent residence in Rogers, Arkansas. The taxpayers further argue that Raymond never expected to continue working in the Chicago area, that it would have been unreasonable for him to have moved his family there, and that he made himself available for work in areas besides Chicago during the year in question.

Living and traveling expenses are generally nondeductible personal expenses. 26 U.S.C. § 262; *Ellwein v. United States*, 778 F.2d 506, 509 (8th Cir.1985). Section 162(a)(2) allows a deduction, however, where the taxpayer incurs expenses while away from home in the pursuit of his trade or business. "For purposes of section 162(a), the taxpayer's 'home' is his principal place of business, and the taxpayer is 'away from home' when required to travel to a vicinity other than his principal place of business for temporary work." *Walraven v. Commissioner*, 815 F.2d 1246, 1247 (8th Cir.1987) (per curiam) (citing *Ellwein v. United States*, 778 F.2d at 509). The "away from home" requirement is considered "in light of the further requirement that the expense be the result of business exigencies," and if a taxpayer maintains his permanent residence at a different locale than his employment for personal reasons,

---

**3.** Although Raymond was not entitled to deduct his traveling and living expenses while in Chicago, the tax court allowed him to deduct moving expenses of $307.50 for the costs of moving there to procure new employment. Raymond was also able to deduct $574.00 claimed for air fare incurred as a result of job hunting trips.

a deduction is not allowed. *Hantzis v. Commissioner*, 638 F.2d 248, 253–54 (1st Cir.), *cert. denied*, 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 973 (1981).

This court has construed the exception in section 162(a)(2) to include living and traveling expenses incurred when it appears that a taxpayer's employment away from home will be temporary as opposed to indeterminate or indefinite. *See Walraven*, 815 F.2d at 1247–48; *Ellwein*, 778 F.2d at 509–510; *Frederick v. United States*, 603 F.2d 1292, 1294–1295 (8th Cir.1979). Employment is considered indefinite if the job prospects in the new location are likely to result in a substantial amount of time, whereas employment is temporary "if its termination could be reasonably foreseen within a short time." *Ellwein*, 778 F.2d at 509. The taxpayer bears the burden of proving that his employment was temporary, *Kasun v. United States*, 671 F.2d 1059, 1063 (7th Cir.1982), and determination of whether a job is temporary or indefinite is a factual question. *Peurifoy v. Commissioner*, 358 U.S. 59, 61, 79 S.Ct. 104, 106, 3 L.Ed.2d 30 (1958).

In *Frederick*, this court rejected the "reasonableness" test advanced by taxpayers and made an objective determination of "the taxpayer's prospects for continued employment." 603 F.2d at 1295–96; *see also Dahood v. United States*, 747 F.2d 46, 49 (1st Cir.1984). Courts have also uniformly rejected, in the construction industry context, the contention that work is temporary if it involves traveling to various worksites. *See Dahood*, 747 F.2d at 49; *Kasun*, 671 F.2d at 1062.

With these considerations, we affirm the tax court's determination that Raymond Yeates' employment in Chicago was indefinite rather than temporary. Based on his seniority status in IBEW Local 134, the tax court reasonably found that Raymond's prospects for continued employment there were good and, in fact, Local 134 provided him with relatively continuous employment from 1981 through 1986 in the Chicago area. *Cf. Frederick*, 603 F.2d at 1296–97 (construction worker's employment found temporary where employment at projects

was seasonal and workers knew they would be laid off during the winter).

Accordingly, we affirm.