# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3206
No. 99-3394

_____

H B & R, Inc.,                             *
                                           *
    Plaintiff - Appellant/           *
    Cross Appellee,                  *
                                           *     Appeals from the United States
    v.                               *     District Court for the
                                           *     District of North Dakota.
United States of America,                  *
                                           *
    Defendant - Appellee/            *
    Cross Appellant.                 *

_____

Submitted:  June 14, 2000

Filed:  October 12, 2000

_____

Before LOKEN, BRIGHT, and ROSS, Circuit Judges.

_____

LOKEN, Circuit Judge.

Since the early 1980s, oil producers on Alaska's North Slope have hired HB&R, Inc., on an as-needed basis to perform "hot oil" and other services on their wells and pipelines.  Because of the severe climate and security concerns, no one lives near the North Slope oil fields.  The nearest residential communities are Fairbanks and Anchorage, Alaska, hundreds of miles away.  North Slope workers live in barracks and have virtually no recreational amenities.  During the tax years in question, HB&R

rotated its North Slope employees on a three-week-on/three-week-off schedule. Though HB&R offered these employees a $400 monthly bonus to move to Alaska, most chose to live in the lower forty-eight States. During each rotation, they flew from their homes to Anchorage and then on to the inhospitable job site near Deadhorse, Alaska. They worked for three weeks and then flew back home for their three weeks off. HB&R provided round-trip commercial airline tickets from the employees' homes to the North Slope job site at an average cost of $1,000 to $1,200 per trip.

The Commissioner of Internal Revenue Service assessed tax deficiencies for the years 1990, 1991, and 1992 because HB&R did not pay income tax withholding and Federal Insurance Contributions Act ("FICA") payroll taxes on the value of employee airfare to Deadhorse. HB&R paid a portion of the deficiencies and filed this refund action. The Commissioner counterclaimed for the unpaid balance. Deciding the case on cross motions for summary judgment, the district court held that airfare from the employees' homes to Anchorage, Alaska, was a personal commuting expense that, when paid by the employer, became part of their wages for FICA tax purposes. Therefore, HB&R is liable for failing to withhold the employee's share and failing to pay the employer's share of the FICA taxes. However, the court held that HB&R is not liable for failing to withhold the income tax owed by employees on this benefit because HB&R did not have fair notice of its withholding obligation. HB&R appeals the FICA tax withholding ruling. The Commissioner cross-appeals the income tax withholding ruling. The critical issue is the meaning of the word "wages" in the two withholding statutes, as applied in the Commissioner's regulations. We conclude that the district court correctly decided the income tax withholding issue, and that the governing FICA statute and regulation are identical for these purposes. Accordingly, we affirm in part and reverse in part.

The employment relationship involves two distinct taxpayers, the employer and the employee. What an employer pays in wages is taxable income to the employee and an ordinary and necessary business deduction to the employer. See 26 U.S.C. (IRC)

§§ 61(a)(1), 162(a)(1).  In addition, both the employer and the employee owe FICA taxes on those wages.  See IRC §§ 3101 (employee tax), 3111 (employer tax).  To make the system more efficient by collecting taxes "at the source," the Internal Revenue Code requires the employer to deduct and withhold from the employee's wages the federal income and FICA taxes the employee is likely to owe.  See IRC §§ 3102(a) (FICA tax), 3402(a) (income tax).  The employer's obligation to withhold extends only to an employee's wages.  It does not apply to other types of employee income, such as dividends, nor to the reimbursement of deductible expenses.  Thus, when a tax deficiency is based upon the employer's alleged failure to withhold, as in this case, the definition of "wages" in the withholding statutes becomes critical.

An employee may deduct from his taxable income his business expenses but not his personal expenses.  See IRC §§ 162(a), 262.  In the leading case of Commissioner v. Flowers, 326 U.S. 465 (1946), the Supreme Court considered whether an employee could deduct his *un*reimbursed expenses in traveling from his home in Jackson, Mississippi, to his employer's headquarters in Mobile, Alabama.  The Court upheld the Commissioner's denial of this deduction:

> The added costs in issue . . . were incurred solely as the result of the taxpayer's desire to maintain a home in Jackson while working in Mobile, a factor irrelevant to the maintenance and prosecution of the railroad's legal business. . . .  Business trips are to be identified in relation to business demands and the traveler's business headquarters.  The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors.

326 U.S. at 473-74.  Flowers established the general rule that an employee's expenses in commuting from home to work are personal, not deductible business expenses.  We have applied that rule in a number of cases, holding that an employee may deduct only the expenses of traveling from home to a *temporary* job site.  See Ellwein v. United

-3-

States, 778 F.2d 506 (8th Cir. 1985); Weiberg v. Commissioner, 639 F.2d 434 (8th Cir. 1981); Frederick v. United States, 603 F.2d 1292 (8th Cir. 1979).

The Commissioner argues that this rule applies to the HB&R employees' airfare to Anchorage and resolves this appeal. Because the airfare was a personal expense of the employees, the Commissioner argues, its reimbursement by HB&R was a "fringe benefit" under IRC § 61(a)(1). That fringe benefit was not excludable from the employee's taxable income under IRC § 132(d). Therefore, HB&R was obligated to withhold income and FICA taxes based upon its fair market value. The last step in this syllogism ignores the definition of "wages" in the withholding statutes and regulations, the very flaw that led the Supreme Court to reject the Commissioner's contention that reimbursed employee lunches were subject to withholding in Central Illinois Public Service Company v. United States, 435 U.S. 21, 29 (1978):

> [I]t is one thing to say that the reimbursements constitute income to the employees for income tax purposes, and it is quite another thing to say that it follows therefrom that the reimbursements in 1963 were subject to withholding. There is a gap between the premise and the conclusion and it is a wide one. . . . To require the employee to carry the risk of his own tax liability is not the same as to require the employer to carry the risk of the tax liability of its employee. Required withholding, therefore, is rightly much narrower than subjectability to income taxation.

Turning to the definition of "wages" for tax withholding purposes, the FICA tax withholding statute includes a broadly worded definition:

> [T]he term "wages" means all remuneration for employment, including the cash value of all remuneration (including benefits) paid in any medium other than cash. . . .

IRC § 3121(a). The income tax withholding statute is virtually identical:

-4-

[T]he term "wages" means all remuneration (other than fees paid to a public official) for services performed by an employee for his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash. . . .

IRC § 3401(a). Each general definition is followed by a long list of exclusions, but, on this record, none applies to the airfare expenses at issue. However, turning to the Treasury Regulations applying these statutes, we find highly relevant provisions. The income tax withholding regulations provide:

> 26 C.F.R. § 31.3401(a)-1(b) *Certain specific items --*
>
>     \*    \*    \*    \*    \*
>
>     (2) *Traveling and other expenses.* Amounts paid specifically -- either as advances or reimbursements -- for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages and are not subject to withholding.

The FICA tax withholding regulations applying the statutory definition of "wages" include an identical provision excluding traveling and other expenses incurred in the business of the employer. See 26 C.F.R. § 31.3121(a)-1(h).

By their express terms, these withholding regulations apply to the airfare expenses here at issue. They do not expressly distinguish between commuting from home to work, and other employee traveling, so long as the expense is ordinary and necessary to the business of the employer. Cf. American Airlines, Inc. v. United States, 204 F.3d 1103, 1108-11 (Fed. Cir. 2000). In this case, viewed from the perspective of HB&R at the time the withholding decision was made, the employee airfare expenses were incurred regularly and necessarily in the business of providing hot oil services to North Slope oil producers. Thus, whether or not they were personal

-5-

expenses of the employees for income tax purposes -- an issue we need not address -- HB&R is not liable for failing to withhold because, as the Supreme Court stated in Central Illinois Public Service, "[n]o employer, in viewing the regulations . . . could reasonably suspect that a withholding obligation existed." 435 U.S. at 32.

The Commissioner's brief on appeal ignores these controlling regulations, except to assert -- without citation to authority -- that the references to ordinary and necessary business expenses in 26 C.F.R. §§ 31.3401(a)-1(b)(2) and 31.3121(a)-1(h) incorporate the income tax distinction between an employee's personal and business expenses. But the personal expense income tax cases, Flowers and its progeny, and their codification in 1984 amendments that added the fringe benefit provisions in IRC §§ 61(a)(1) and 132, all view the expenses from the income tax perspective of the employee, rather than the withholding tax perspective of the employer. In determining whether to withhold, the withholding regulations instruct the employer to focus on whether travel expenses are ordinary and necessary to *its* business. While it is plausible in hindsight to read these regulations in the manner urged by the Commissioner,[1] no case has ever upheld the assertion of withholding liability for employer-related travel expenses of this kind. Indeed, HB&R contends -- and the government does not deny -- that the Commissioner has never before asserted that income and FICA tax withholding apply to the reimbursement of employee travel expenses similar to those at issue in this case. In

---

[1]The government's brief suggests that the Commissioner's position is supported by the cross reference in 26 C.F.R. § 31.3401(a)-1(b)(2) to 26 C.F.R. § 31.3401(a)-4, and by a corresponding cross reference in the FICA withholding regulations. But the cross references raise additional interpretive issues. For example, under the construction suggested by the Commissioner's appellate attorneys, the withholding exclusions for travel expenses, which refer explicitly to the employer's business, appear to add nothing to the statutory exclusions in IRC §§ 3401(a)(19) and 3121(a)(20), which focus only on whether reimbursements are deductible by the employee. The Commissioner does not fully argue the point, and we decline to consider it further.

these circumstances, we find controlling the Supreme Court's cautious approach to withholding liability in <u>Central Illinois Public Service</u>, 435 U.S. at 31:

> Because the employer is in a secondary position as to liability for any tax of the employee . . . the employer's obligation to withhold [should] be precise and not speculative.

For the foregoing reasons, we affirm the district court's ruling that HB&R is not liable for failing to withhold income tax on the value of airline tickets provided to employees who traveled from their homes to the North Slope to provide hot oil services in the 1990-1992 tax years. We reverse the court's ruling that HB&R is liable for failing to withhold the employees' share of FICA taxes on the value of that airfare. Although Congress "decoupled" the definition of wages for income and FICA tax purposes to allow the Commissioner to promulgate regulations providing different withholding exclusions, <u>see</u> <u>Anderson v. United States</u>, 929 F.2d 648, 650 (Fed. Cir. 1991), the regulations excluding "traveling or other bona fide ordinary and necessary expenses" are the same for each tax regime. Accordingly, the district court should have excluded both income tax and FICA tax withholding from HB&R's deficiencies.

The judgment of the district court is reversed, and the case is remanded with instructions to modify the judgment so as to eliminate HB&R's liability for FICA tax withholding. In all other respects, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.