# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2443

_____

Marc Jordan,                                    *
                                                *
            Appellant,                          *
                                                *    Appeal from the United States
      v.                                        *    District Court for the
                                                *    District of Minnesota.
United States of America,                       *
                                                *
            Appellee.                           *

_____

Submitted: January 12, 2007
Filed: June 21, 2007

_____

Before WOLLMAN and MURPHY, Circuit Judges, and NANGLE,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

Marc Jordan appeals from the district court's[2] grant of summary judgment in favor of the United States on his claim for a refund of Federal Insurance Contributions Act (FICA) taxes withheld by his employer, Atlas Air, Inc. (Atlas). We affirm.

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

# I.

Jordan is employed as a pilot for Atlas, a company that provides aircraft, crew, maintenance, and insurance services for the transportation of air cargo, as well as charter operations for airlift services to commercial customers and the United States military. Atlas operates out of bases in California, New York, Alaska, and Florida. Pursuant to a collective bargaining agreement (CBA), Atlas has the discretion to reassign its crewmembers to the various bases for a number of reasons, including shifts in manpower, furloughs, or reductions in the number of crewmembers employed by Atlas. Jordan was assigned to work out of the operational base in Anchorage, Alaska, in January 2001 and continued to work there through the period at issue – the quarter ending on June 30, 2003. During this time, Jordan resided in Bemidji, Minnesota. Atlas, in accordance with the terms of the CBA, provided him with transportation from Bemidji to Anchorage at the beginning of each work assignment and then back to his residence in Bemidji at the end of each work assignment. In addition, Atlas provided Jordan with lodging and a per diem for meals and incidental expenses while he was in Alaska. The parties refer to these travel, lodging, and per diem expenses as "gateway expenses."

In June 2003, Atlas began withholding income and FICA taxes on the value of the gateway expenses it paid on behalf of its crewmembers. Jordan subsequently filed an administrative claim for a refund of $110.42 – the amount of FICA taxes that were withheld from his paycheck in the second quarter of 2003 based on the value of the gateway expenses he received. After the IRS took no action on his claim, Jordan filed this suit requesting a refund of the specified amount. The government subsequently moved for summary judgment, asserting that Atlas had correctly determined that the gateway expenses were wages and therefore subject to withholding. In response, Jordan moved for summary judgment and also opposed the government's motion, asserting that a genuine issue of material fact existed as to whether the gateway expenses constituted wages. The district court granted summary judgment to the

government, concluding that the expense payments were properly considered to be wages and that Jordan was therefore precluded from receiving a refund.

## II.

On appeal, Jordan contends that summary judgment was improper because the gateway expenses were not wages and therefore not subject to withholding. Jordan alternatively argues that summary judgment was inappropriate because the evidence established a genuine issue of material fact. "We review a grant of summary judgment *de novo*" and will "affirm when the record, viewed in the light most favorable to the non-moving party, demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Frosty Treats, Inc. v. Sony Computer Ent. Am., Inc., 426 F.3d 1001, 1003 (8th Cir. 2005).

The Internal Revenue Code (IRC) requires individuals to pay FICA taxes on wages received from employment. 26 U.S.C. § 3101 (2007). These taxes are collected by employers, who are required to deduct and withhold from their employees' wages the FICA taxes each employee is likely to owe. 26 U.S.C. § 3102(a) (2007).

For purposes of FICA tax withholding, the term "wages" is broadly defined as "all remuneration for employment, including the cash value of all remuneration (including benefits) paid in any medium other than cash . . . ." 26 U.S.C. § 3121(a) (2007). This term does not include, however, "any benefit provided to or on behalf of an employee if at the time such benefit is provided it is reasonable to believe that the employee will be able to exclude such benefit from income under section . . . 132." 26 U.S.C. § 3121(a)(20). As noted by the district court, 26 U.S.C. § 132(a)(3), the only § 132 exclusion relevant here, excludes a "working condition fringe" from an individual's income. 26 U.S.C. § 132(a)(3) (2007). The term "working condition

fringe" is defined as "any property or services provided to an employee of the employer to the extent that, if the employee paid for such property or services, such payment would be allowable as a deduction under section 162 or 167." 26 U.S.C. § 132(d). Section 162(a)(2), in turn, allows a taxpayer to deduct traveling expenses incurred "while away from home in the pursuit of a trade or business." 26 U.S.C. § 162(a)(2) (2007). Under this framework, then, the gateway expenses should not have been classified as wages for the purposes of FICA tax withholding if Jordan could have deducted these expenses under § 162(a)(2). The district court concluded that Jordan's expenses could not be deducted under § 162(a)(2) because they were not incurred "while away from home" or "in the pursuit of a trade or business." We agree with the district court in both respects.

A taxpayer's "home" for purposes of § 162 "is his principal place of business, and the taxpayer is 'away from home' when required to travel to a vicinity other than his principal place of business for temporary work." Walraven v. Comm'r, 815 F.2d 1246, 1247 (8th Cir. 1987). As an exception to this rule, a taxpayer may also be considered "away from home" if his "'employment outside the area of his regular abode will be for a 'temporary' or 'short' period of time . . . .'" Frederick v. United States, 603 F.2d 1292, 1294 (8th Cir. 1979) (quoting Cockrell v. Comm'r, 321 F.2d 504, 507 (8th Cir. 1963)). With regard to the temporary employment situation, however, "the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." 26 U.S.C. § 162(a). Jordan's principal place of business (and "home" for purposes of § 162) was Anchorage, Alaska, and he is not seeking a refund of taxes paid on expenses incurred traveling to vicinities other than Anchorage for work. Further, because Jordan had been stationed in Anchorage for well over a year, there is no genuine issue of material fact as to whether his employment was "temporary."[3] The gateway expenses at issue

---

[3]Jordan contends that his employment in Anchorage, Alaska, should be considered temporary because Atlas had the discretion to reassign its crewmembers to various bases at any time and has done so in the past.

here were therefore not incurred "while away from home" and are not deductible under § 162.

The gateway expenses also fail to meet the requirements of § 162 because they were not incurred "in the pursuit of a trade or business." An employee's expenses in commuting from home to work are generally considered to be personal, and not deductible business expenses. Comm'r v. Flowers, 326 U.S. 465, 473-74 (1946); H B & R, Inc. v. United States, 229 F.3d 688, 690 (8th Cir. 2000). "The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors" for the travel. Flowers, 326 U.S. at 474. As the district court noted, the gateway expenses in this case were incurred as a result of Jordan's personal desire to maintain a home in Bemidji. Atlas did not require him to live in Bemidji and did not gain anything by having him live there. Moreover, Jordan could have lived in Anchorage had he so desired, and he was encouraged to do so. The exigencies of business were therefore not the motivating factors for Jordan's travel to and from Anchorage, and the costs associated with this travel are not deductible under § 162. Accordingly, we agree with the district court and conclude that the gateway expenses were not excludable from the term wages.

Despite the conclusion reached under the framework set forth above, Jordan argues that the gateway expenses would not have been considered wages for purposes of FICA tax withholding if the district court had applied the analysis set forth in H B & R, and he contends that the district court erred in refusing to apply this analysis.

In H B & R, the employer (H B & R, Inc.) sought a declaration that it was not liable for failing to withhold FICA and income taxes on the expenses it paid in providing transportation for its workers to and from an inhospitable job site.[4] After

_____

[4]H B & R, Inc. provided "hot oil" and other services to oil producers on Alaska's North Slope. H B & R, 229 F.3d at 689. Because of the severe climate and security concerns, no one lived near the North Slope oil fields. Id. Most of H B & R,

determining that none of the exclusions to the definition of wages found in § 3121(a) (applicable for FICA tax withholding purposes) or § 3401(a) (applicable for income tax withholding purposes) were applicable, the court turned to the corresponding Treasury Regulations, 26 C.F.R. §§ 31.3121(a)-1(h) and 31.3401(a)-1(b) (which are nearly identical). Section 31.3121(a)-1(h), which applies to FICA tax withholding, states:

> Amounts paid specifically--either as advances or reimbursements--for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages. . . . For amounts that are received by an employee on or after July 1, 1990, with respect to expenses paid or incurred on or after July 1, 1990, see § 31.3121(a)-3.

Based on these regulations, the court in H B & R concluded that employee traveling expenses are excluded from the term wages "so long as the expense is ordinary and necessary to the business of the employer." H B & R, 229 F.3d at 691. The court went on to conclude further that "viewed from the perspective of H B & R at the time the withholding decision was made, the employee airfare expenses were incurred regularly and necessarily in the business of providing hot oil services to North Slope oil producers" and, as a result, H B & R was not liable for failing to withhold FICA taxes on such expenses. Id. Based on this analysis, Jordan asserts that the district court should have examined whether the gateway expenses paid by Atlas were ordinary and necessary to its business and that such expenses were in fact ordinary and necessary to Atlas's business. We find Jordan's argument unpersuasive.

_____

Inc.'s employees chose to live in the lower 48 states and would travel to and from the North Slope on a three-week-on/three-week-off schedule. Id. H B & R, Inc. would transport its employees from their homes in the lower 48 states to the North Slope by providing round-trip commercial airline tickets from the employees' homes to Alaska. Id.

As the government points out, the last sentence of § 31.3121(a)-1(h) provides that 26 C.F.R. § 31.3121(a)-3 is applicable when travel expenses are paid after July 1, 1990, such as those at issue here.  Under the framework established by § 31.3121(a)-3, various income tax provisions are incorporated into the determination of whether expenses are excluded from wages.[5]  These include 26 C.F.R. § 1.62-2, which provides that, to be excluded from wages, the expenses be "incurred by the employee in connection with the performance of services as an employee of the employer," as well as 26 U.S.C. § 162, which, as recounted in our analysis above, requires that those expenses be incurred "while away from home in the pursuit of a trade or business."  In H B & R, we acknowledged that the reference to § 31.3121(a)-3 in § 31.3121(a)-1(h) might have an effect on our analysis under § 31.3121(a)-1(h) by essentially incorporating the income tax distinctions between personal expenses and business expenses when determining whether expenses were ordinary, necessary, and incurred in the business of the employer.  H B & R, 229 F.3d at 691 & n.1.  We declined to decide the issue, however, because the Commissioner failed to fully argue the point.  Id. at 691 n.1.  In addition, we were hesitant to incorporate this interpretation and impose a liability on H B & R, Inc. when it did not appear that a withholding obligation had ever been imposed in this type of situation.  Id. at 691-92.

Now that this point has been fully argued before us, however, and because Atlas is actually withholding FICA taxes, rather than failing to do so, we conclude that the reference to § 31.3121(a)-3 in § 31.3121(a)-1(h) does in fact have a bearing upon our

[5]As set forth in 26 C.F.R. § 31.3121(a)-3(a), travel expenses must meet the requirements set forth in 26 U.S.C. § 62(c) and 26 C.F.R. § 1.62-2, to be excluded from wages.  Section 1.62-2 provides that expenses are to be excluded from the definition of wages if they are "allowable as deductions by part VI (section 161 and the following), subchapter B, chapter 1 of the Code, and . . . are paid or incurred by the employee in connection with the performance of services as an employee of the employer."  26 C.F.R. § 1.62-2(d)(1).  As we noted above, § 162 allows a taxpayer to deduct traveling expenses incurred "while away from home in the pursuit of a trade or business . . . ."  26 U.S.C. § 162(a)(2).

analysis. The framework set forth in § 31.3121(a)-3 incorporates income tax provisions that, among other things, require the expenses to be "incurred by the employee in connection with the performance of services as an employee of the employer," and "while away from home in the pursuit of a trade or business." 26 C.F.R. § 1.62-2; 26 U.S.C. § 162. As recounted earlier in this opinion, commuting expenses have been classified as personal expenses, rather than business-related expenses, in this context. See H B & R, 229 F.3d at 690. As a result, we conclude that for expenses paid after July 1, 1990, the income tax distinctions between personal expenses and business expenses are relevant in determining whether expenses are incurred in the business of the employer under § 31.3121(a)-1(h).

Based on this framework, then, our earlier analysis under § 162 becomes applicable. As we concluded above, the gateway expenses incurred here did not meet the requirements of § 162, as they constituted personal, rather than business, expenses. Accordingly, the district court did not err in concluding that they were properly considered wages.

The judgment is affirmed.

_____