T.C. Summary Opinion 2013-1

UNITED STATES TAX COURT

GLENN R. MARTIN AND BARBARA MARTIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16494-10S.                    Filed January 2, 2013.

Glenn R. Martin and Barbara Martin, pro sese.

<u>Craig A. Ashford</u> and <u>David Sorensen</u>, for respondent.

SUMMARY OPINION

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the years in issue, and all Rule references are to

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $3,904 and $9,775 and section 6662(a) accuracy-related penalties of $781 and $1,955 in petitioners' Federal income tax for 2006 and 2007, respectively.  After concessions,[2] the issues remaining for decision as to each year in issue are:  (1) whether petitioners are entitled to a home office deduction; (2) whether petitioners are entitled to a deduction for traveling expenses while away from home; and (3) whether petitioners are liable for an accuracy-related penalty for negligence or disregard of rules or regulations.

---

[1](...continued)
the Tax Court Rules of Practice and Procedure.  All amounts are rounded to the nearest dollar.

[2] Petitioners concede that they are not entitled to deductions for supplies, office expenses in excess of the amounts respondent allowed, or investment interest on their Schedules C, Profit or Loss From Business, for 2006 and 2007. Respondent concedes that petitioners are entitled to deduct their investment interest on Schedules A, Itemized Deductions, and that petitioners' allowable total Schedule A deductions are $68,070 and $60,189 for 2006 and 2007, respectively.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. At the time they filed their petition, petitioners resided in Nevada.

I.    The Real Estate Business

Mr. Martin is a licensed real estate broker in Nevada and California, and Mrs. Martin is a licensed salesperson in Nevada and acts as an unlicensed assistant[3] in California. They operate Re/Max Scenic Properties (real estate business), a real estate brokerage franchise, in the Tahoe area.[4] Before the years in issue they operated the real estate business primarily out of their Nevada home office. They also maintained a small office in a commercial building in California, which they used to register their California broker's license and to store records as required by the California Department of Real Estate.

II.    Semiretirement in Florida

On November 14, 2005, petitioners became semiretired and moved to their second home in Sanibel, Florida, but soon discovered that it had sustained mold

---

[3] An unlicensed assistant is a person who is permitted to assist with real property transactions in California, subject to certain restrictions.

[4] The Tahoe area is on the border of Nevada and California, approximately 40 miles southwest of Reno.

damage from Hurricane Charlie. It was not until June 23, 2006, that they finished repairing the damage and began occupying the home. However, around that time their real estate business was picking up in the Tahoe area. They tried listing their Florida home for sale or rent, but their efforts met with little success. They decided to continue residing there and converted the guest bedroom into a home office.

III. Home Office and Travel

During the years in issue petitioners regularly performed administrative tasks for their real estate business from the Florida home office, including calling clients in the Tahoe area, sending faxes, filling out paperwork, and initiating contracts. They did not use the office for any other purpose. Neither Mr. nor Mrs. Martin was a licensed broker in Florida, and their real estate business did not have any clients or property in Florida. They periodically traveled from Florida to the Tahoe area for one or two weeks at a time to meet with clients, host open houses, and sell property. While in the Tahoe area, they performed a minimal amount of administrative work from their Nevada home office.

IV. Tax Returns

Petitioners timely filed joint Federal income tax returns for 2006 and 2007. As relevant here, they claimed travel expenses on their Schedules C of $9,168 and

$9,136 for 2006 and 2007, respectively, for airfare from Florida to the Tahoe area and for meal and incidental expenses on a per diem basis. They did not claim any home office deductions on the returns. On October 15, 2009, petitioners executed a Form 872, Consent to Extend the Time to Assess Tax, in which they agreed to extend the period of limitations for assessment of their 2006 tax to December 31, 2010. On May 5, 2010, respondent mailed petitioners a notice of deficiency for 2006 and 2007 disallowing, among other things, their claimed travel expense deductions.[5] On July 20, 2010, petitioners timely petitioned the Court for redetermination of the deficiency and alleged in their petition that they are entitled to deductions of $8,831 and $11,544 for 2006 and 2007, respectively, for their Florida home office.

---

[5] Petitioners argue for the first time on reply brief that the period of limitations in which respondent may assess their tax liabilities for 2006 and 2007 has expired. They do not dispute receiving a timely notice of deficiency but argue that the notice of deficiency was a "Proposed Deficiency" and "not an assessment of tax". Petitioners' argument is erroneous because the period of limitations on assessment is suspended during the 90-day period following the mailing of a notice of deficiency, and where, as here, the taxpayer petitions the Court in response to the notice, until our decision becomes final and for an additional 60 days thereafter. See secs. 6213(a), 6503(a)(1).

## Discussion

I.    General Rules

The Commissioner's determinations are generally presumed correct, and the taxpayer bears the burden of proving the determinations erroneous.[6]  Rule 142(a). The taxpayer bears the burden of proving that he or she is entitled to any deduction claimed, and this includes the burden of substantiation.  Id.; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).  A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish he or she is entitled to the deductions.  Sec. 6001.

Section 162(a) provides a deduction for certain business expenses.  In order to qualify for the deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense." Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971); see also Commissioner v. Tellier, 383 U.S. 687, 689 (1966) (the term "necessary" imposes

---

[6]  We interpret petitioners' argument on reply brief to be that the burden of proof should shift to respondent under sec. 7491(a).  However, petitioners have not complied with the Code's substantiation requirements, as discussed infra. Accordingly, the burden of proof does not shift to respondent.

"only the minimal requirement that the expense be 'appropriate and helpful' for 'the development of the [taxpayer's] business'" (alteration in original) (quoting Welch v. Helvering, 290 U.S. 111, 113 (1933))); Deputy v. du Pont, 308 U.S. 488, 495 (1940) (to qualify as "ordinary", the expense must relate to a transaction "of common or frequent occurrence in the type of the business involved"). Whether an expense is ordinary is determined by time, place, and circumstance. Welch v. Helvering, 290 U.S. at 113-114.

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the expense, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, for the Cohan rule to apply, there must be sufficient evidence in the record to provide a basis for the estimate. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Certain expenses may not be estimated because of the strict substantiation requirements of section 274(d). See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).

II.     Home Office Deduction

    A.     Eligibility

Generally, a deduction for an expense relating to property occupied by a taxpayer as a residence is disallowed. Sec. 280A(a). An exception to the general rule is found in section 280A(c)(1)(A), which provides that an expense that is allocable to a portion of the taxpayer's dwelling that is used exclusively on a regular basis as the taxpayer's principal place of business will be allowed as a deduction. The Taxpayer Relief Act of 1997, Pub. L. No. 105-34, sec. 932(a), 111 Stat. at 881, amended section 280A to provide that the term "principal place of business" includes a place of business that is used by a taxpayer for administrative and management activities if no other fixed location of the trade or business is used by the taxpayer to conduct substantial administrative or management activities. A portion of the taxpayer's dwelling is a room or other separately identifiable space. Hefti v. Commissioner, T.C. Memo. 1993-128.

Mr. Martin credibly testified that petitioners used the Florida home office on a regular basis during the years in issue to call clients in the Tahoe area, send faxes, fill out paperwork, initiate contracts, and perform other administrative tasks associated with operating the real estate business. He further credibly testified that petitioners used the Florida home office exclusively for business purposes.

Petitioners admit that they performed a "minimal amount of work" out of their Nevada home office during the years in issue and stored records in the California office, but these activities do not rise to the level of "substantial administrative or management activities".[7] We find that petitioners used their Florida home office regularly and exclusively for the administrative and management tasks of their real estate business and accordingly it qualifies as their "principal place of business" under section 280A(c)(1).

B. Substantiation

Respondent conceded at trial that petitioners have substantiated deductions for their Florida home office to the extent of $3,123 for 2006 and $810 for 2007. Petitioners argue on brief that they are entitled to deduct $8,831 for 2006 and $11,544 for 2007, but they have neither introduced into evidence any records or receipts substantiating amounts in excess of those respondent conceded nor

---

[7] The House conference report accompanying the amendment to sec. 280A states that "a taxpayer's eligibility to claim a home office deduction under the bill will not be affected by the fact that the taxpayer conducts substantial non-administrative or non-management business activities at a fixed location of the business outside the home (e.g., meeting with, or providing services to, customers, clients, or patients at a fixed location of the business away from home)." H.R. Conf. Rept. No. 105-220, at 464 (1997), 1997-4 C.B. (Vol. 2) 1457, 1934. Therefore, petitioners' eligibility to claim a deduction for their Florida home office is also not affected by the substantial nonadministrative and nonmanagement activities (such as meeting with clients, hosting open houses, and selling property) they performed in the Tahoe area.

presented sufficient evidence to permit a reasonable estimate of such amounts under the Cohan rule. Accordingly, we allow them home office deductions of $3,123 for 2006 and $810 for 2007.

III.    Travel Expenses

Section 162(a)(2) allows a taxpayer to deduct ordinary and necessary travel expenses (including amounts for lodging and meals) paid or incurred during the taxable year if such expenses are paid or incurred while away from home in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Cockrell v. Commissioner, 38 T.C. 470 (1962), aff'd, 321 F.2d 504 (8th Cir. 1963). The reference to "home" in section 162(a)(2) means the taxpayer's "tax home". Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968). Respondent contends that petitioners do not satisfy the requirements of section 162(a)(2) and have not met the strict substantiation requirements of section 274(d). We will focus our inquiry on section 274(d).

In addition to satisfying the criteria for deductibility under section 162, a taxpayer must satisfy the strict substantiation requirements of section 274(d) in order for a travel expense deduction to be allowed. Sec. 274(d)(1). We may not use the Cohan doctrine to estimate expenses covered by section 274(d). See

Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To substantiate a deduction attributable to travel, a taxpayer must maintain adequate records or present corroborative evidence of the taxpayer's own statements to show the following: (1) the amount of the expense; (2) the time and place of the travel; (3) the business purpose of the expense; and (4) the business relationship to the taxpayer. Sec. 274(d) (flush language). "To meet the 'adequate records' requirements of section 274(d), a taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * *, and documentary evidence". Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Mr. Martin testified that petitioners incurred expenses for airfare from Florida to the Tahoe area and for meal and incidental expenses while in the Tahoe area. However, his testimony was general, vague, and conclusory. He did not provide a specific travel time, business purpose, or account of petitioners' expenses for any trip. Furthermore, petitioners did not produce any records, receipts, or other evidence to corroborate Mr. Martin's testimony. We do not doubt that petitioners incurred travel expenses; however, Mr. Martin's testimony alone is not sufficient to meet the strict substantiation requirements of section

274(d).  See Wolfgram v. Commissioner, T.C. Memo. 2010-69 ("Testimony alone, without corroborative evidence, does not satisfy the requirements of section 274(d)"); Zand v. Commissioner, T.C. Memo. 1996-19 ("The unsupported testimony of a taxpayer at trial is not sufficient to meet the stringent substantiation requirements of section 274(d).  To adequately substantiate the deductibility of travel and entertainment expenses, specificity is imperative."), aff'd, 143 F.3d 1393 (11th Cir. 1998).  Accordingly, petitioners are not entitled to deduct their claimed travel expenses for 2006 or 2007.[8]

---

[8] We are not persuaded by petitioners' argument that they are entitled to deduct the cost of meals and incidentals using the applicable Federal meal and incidental expense (M&IE) per diem rate for each day they traveled to the Tahoe area.  Sec. 1.274-5(j), Income Tax Regs., grants the Commissioner the authority to establish a method under which a taxpayer may elect to use a specified amount for meals and incidentals paid or incurred while traveling away from home in lieu of substantiating the actual costs.  For the taxable years in issue, the Commissioner established that method through Rev. Proc. 2005-67, 2005-2 C.B. 729 (January 2006 to September 2006), Rev. Proc. 2006-41, 2006-2 C.B. 777 (October 2006 to September 2007), and Rev. Proc. 2007-63, 2007-2 C.B. 809 (October 2007 to December 2007).  Although use of the M&IE rate does eliminate some of the substantiation requirements of sec. 274 (essentially, the cost element), the taxpayer is not relieved of substantiating the time, place, and business purpose of the travel.  See sec. 1.274-5(j), Income Tax Regs.; Rev. Proc. 2005-67, sec. 4.03, 2005-2 C.B. at 732; Rev. Proc. 2006-41, sec. 4.03, 2006-2 C.B. at 780; Rev. Proc. 2007-63, sec. 4.03, 2007-2 C.B. at 811-812.  Mr. Martin's testimony is insufficient to substantiate the time and business purpose of petitioners' travel, and therefore petitioners may not deduct their travel expenses for 2006 or 2007 using the per diem rate.

IV.    Accuracy-Related Penalties

Section 6662(a) and (b)(1) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c).  Negligence also includes any failure to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment.  Sec. 1.6664-4(a), Income Tax Regs.  The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. 438, 446-

447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See id. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Petitioners failed to keep adequate records and to properly substantiate their claimed travel expenses.[9] Mr. Martin admitted at trial that petitioners had not substantiated the office expenses they conceded. As to the remaining items petitioners conceded, nothing suggests that their failures were other than negligent. See Perry Funeral Home, Inc. v. Commissioner, T.C. Memo. 2003-340 (finding that the Commissioner met his burden of production under section 7491(c) with respect to items the taxpayer conceded when the record was silent as to the taxpayer's position on those items and there was no evidence that the taxpayer's errors were other than negligent). Therefore, we find that respondent has met his burden of production. Petitioners offered no evidence that they acted with reasonable cause and in good faith. Accordingly, we find that petitioners are liable for the 20% accuracy-related penalty for 2006 and 2007.

---

[9] There is no underpayment of tax attributable to the home office deductions as they were not claimed on petitioners' tax return for 2006 or 2007.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.